Van Ness, J.,
delivered the opinion of the court. The words of the statute of limitations are, “ that all actions upon the case, &c. and all actions of debt for arrearages of rent, or founded upon any contract without specialty, shall be commenced and sued within six years, &c.’’ Whether a justice’s court is strictly a court of record, it is not material to determine in this case; for if it be not, it is settled, that a judgment rendered in it is conclusive evidence of a debt, and the merits of such a judgment, while it remains in force, cannot be overhaled or controverted in an original suit at law, or in equity; and it is as final, as to the subject matter of it, to all intents and purposes, as a judgment in this court. A foreign judgment being prima facie evidence of the debt only, has been considered as of no higher nature than a simple contract, and a necessary consequence of this is that the statute of limitations may be pleaded to it. But a judgment in a justice’s court is of a higher nature than a foreign judgment, because its merits cannot be controverted in a suit founded upon it. In the case of Walker v. Witter, (Doug. 1.) which was an action upon a judgment obtained in the supreme court of Jamaica, Lord Mansfield says, “ the question was brought to a narrow point; for it was admitted, on the part of the defendant, that indebitatus assumpsit would have lain, and on the part of the plaintiffs, that the judgment was only prima facie evidence of the debt. “ That” says he, (i being so, the judgment was not a specialty, but the debt only a simple contract debt.’’ From this it would seem to follow, that if the judgment had been conclusive evidence of the debt,' it would have been a specialty, and that, of course, the Statute of limitations could not have been a bar. This view of *484 the question seems to derive great weight from the nature and effect of a specialty, which, being under seal, imports a consideration, and the want of one cannot be alleged by plea: this, and the solemnity which attends the execution of it, are the only reasons why it ranks higher in the scale of contracts than a writing without seal, or a mere parol agreement. But it may be. shown, that a specialty is founded upon an illegal consideration, and it is not always conclusive evidence. In this respect, it is inferior to a justice’s judgment, and the solemnities attending the rendition of the judgment are equal, at least, to the sealing and delivery of a specialty. A justice’s judgment is a debt of a higher nature than a simple contract debt, and is as much a specialty as a judgment obtained in this court, which,., clearly, is not barred by the statute of limitations.
Neither is a debt of this description within the words of the1 statute; and every statute of limitations, being in restraint of right, must be construed strictly. It is not' a bar to every action of debt, but only to those brought for arrearages of rent, or founded upon any contract, without specialty. It has been held that debt on an indenture reserving rent, is not within the statute, notwithstanding the generality of its terms; (1 Saund. 38.;) and the settled construction of the statute is, that it applies solely to actions'of debt founded upon contracts in fact, as distinguished from those arising by construction of law. Now, in this case the action is not founded upon a contract in fact. It has been held that debt upon a recovery in trover or trespass in the county court or court baron, and in various other inferior tribunals in England, is not founded upon 'any contract in fact between the parties, and, therefore, not barred by the statute. (2 Saund. * 64,65, See. in notes and cases there cited.) Such, too, is the case of an action of debt founded upon a statute ; for which this reason is given, that a statute is a specially. (1 Saund. 36, 37. in notes.)
Upon the whole, therefore, I conclude, that an action of debt upon a judgment in a justice1^ court, is not barred by the statute of limitations: 1. Because as such judgment is conclusive evidtenee of the debt, as has been invariably determined by this court, it'is; a debt by specialty, and not by simple contract merely, as-a-foreign judgment is; and 2. Because the action is; not founded upon a contract, in fact, within the meaning *485 ~,1'ihe statute, and actions of that description only are within its words, and not actions of debt, without specialty, generally.
Judgment reversed.