Huitín, Chief Justice.
 

 There is no dispute of fact in-this case. We collect, from the record, that it was admitted, the defendant made the declarations deposed to by the witness. The question, whether the case is taken out of the statute of limitations, is, under such circumstances, a question of law; and if held affirmatively, there must be judgment for the plaintiff, on the verdict, without sending the parties back to have that testimony passed on by a jury.
 
 Clarke
 
 v.
 
 Dutcher,
 
 9 Cowen, 674.
 

 If this acknowledgment had been before suit, and the declaration framed on it, there could be no doubt of its sufficiency. It is a clear and precise acknowledgment of the debt, its amount and present justice, accompanied by a proposal to secure the payment. The cause turns, therefore, entirely on the question of pleading. It is said, that, as no acknowledgment ought or can take a case out of the-statute, but such as will amount to a promise to pay the debt, the declaration must, in every case, be on the acknowledgment, as a special promise; and that cannot be done in the case at bar, because the promise in proof was subsequent to the commencement of the suit. The
 
 *373
 
 state of facts certainly raises the point made, and renders a decision of it unavoidable. What shall take a case out of the statute, is a matter of much importance to the rights of suitors ; and the Court agrees, that it should be only such an acknowledgment, as would be evidence to sustain an action brought on it as a special promise. It'is nót of so much consequence, whether such an acknowledgment is to have its operation by giving an action on it, or by reviving the -remedy on the original undertaking, which was before gone or suspended. It is not so much a point involving principle, as the mode of proceeding; and its decision may therefore, with more propriety, be placed on the ground of precedent and authority.
 

 If anew case out of ofUmitaf6 tions>be aTanexe-** cut.or’ the . action must be brought onit‘
 

 ■Many sayings have dropped incidentally from judges in modern times on this question. But we believe there has been no adjudication before the present, that, in the case of verbal promises between the same individual persons, the action would not lie on the original contract. It has not been decided in this state, that it would not. In
 
 The Bank of Newbern v. Sneed,
 
 3 Hawks, 500, the question was argued, but not decided. Judge Henderson remarked, that although he rather thought the principle was the other way, the weight of authorities was much in favour of the old .promise; and that the new one repels the bar of the statute. We think he was certainly well warranted in the latter part of the proposition. It is true, that it wras settled, upon a technical principle of pleading, that the declaration must be on the new promise, when it is made by or to an executor; and -from that the Court would neither feel inclined nor at liberty to depart, because it is settled. But the cases are very numerous of every other sort, in which it was held, that an acknowledgment .
 
 °
 
 authorized a recovery upon the first cause of action, either because it revived the remedy, to which alone the statute applies, or because it was evidence of a continuing promise throughout the period from the time of making the first to 'that of the last. Formerly, and especially in the time of Lord Mansfield, it seems to have been put on the first ground. More recently, the last view has been taken of it. The late statute of 9 G. 4, in England, for instance,
 
 *374
 
 treats it in that way. It provides that “ no acknowledgment or promise by words only shall be deemed sufficient
 
 evidence of a new or continuing contract,
 
 whereby to take any case out of the operation of the said enactment, or to deprive any party of the benefit thereof.” It is not very refined, and certainly not irrational, when an original promise has been proved, to infer from a promise now made, that an intermediate one, or many such, had likewise been made, if they be between the same parties, and to do the same-thing. A difficulty maybe suggested, when the acknowledgment is conditional. It is true, that the promises are not then identical in terms. But after the performance of the condition, such a promise furnishes evidence of all the facts from which a previous absolute promise within the time of limitation may be inferred. It is a positive admission that the debt is due; that the defendant had been willing to pay it; and until he interposed a condition, was willing and liable absolutely to pay it. If this view of the subject be the correct one, it follows, that it is imrqaterial at what period before the trial the acknowledgment was made; since as evidence merely, it establishes the existence of the debt, and the defendant’s liability at the commencement of the suit. Accordingly, declarations subsequent to the suit have often been received as evidence to take a case out of the statute, as they would be of the sale and delivery of the goods, whose price the action was brought to recover.
 
 Bryan
 
 v.
 
 Horseman,
 
 4 East, 590,
 
 Lloyd
 
 v.
 
 Mound,
 
 2 T. R. 760.
 
 Yea v. Fouraker, 2
 
 Burr. 1099. So also it has been done in many cases in this state, within the experience of every professional gentleman. It is said by the Court, in
 
 Danforth
 
 v.
 
 Culver,
 
 11 John. Rep. 148, that in all the cases upon the subject, it is considered that the acknowledgment of a debt barred by the statute of limitations, is evidence to the jury of a new promise under the replication of
 
 sassumpsit infra sex annos.
 
 Regarded as such evidence, it' is not inconsistent with principle, or with the pleading, to admit it under a general count; for the promises, being verbal, are identical, and the time laid in the declaration is immaterial, and not traversable. But it may be said,
 
 *375
 
 that the principle will not reach the cases which have been decided upon the promises of one partner, after a dissolution ; or upon declarations on a note, or bill of exchange. It must be owned, that there is apparently in this respect a want of the harmony that usually belongs to the law. It is certain, however, that cases of the kind spoken of, exist; and that their doctrine is perfectly established, both in England and in this country. That of
 
 M'Intyre
 
 v.
 
 Oliver,
 
 2 Hawks, 209, follows
 
 Whitcomb
 
 v.
 
 Whiting,
 
 Doug. 652; and Chief Justice Taylor gives as the reason, “ that the right to the debt still subsists, though the remedy is suspended, and the acknowledgment of one partner is sufficient to revive the remedy after the dissolution.”
 
 Yea
 
 v.
 
 Fouraker
 
 was on a promissory note. In
 
 Leaper
 
 v.
 
 Tatton,
 
 16 East, 420, the action was to recover the amount of a bill of exchange accepted by the defendant, and endorsed to the plaintiff. The declaration contained a special count on the bill, and the common money counts; and to the plea of the statute the plaintiff replied, that the said several causes of action did accrue, within, &c. The objection was taken at the bar, as far as we can trace it,, for the first time, in the English courts, that the plaintiff could not recover on the acceptance according to its tenor; for the promise by the acceptance was gone, and the declaration should be on the special one, that had been substituted for the bill. But the Court held otherwise. Lord Ellenborough remarked,
 
 “
 
 that as to the form of declaring insisted upon, it is.enough to say,
 
 that it has never been in use;
 
 but that it is the common practice to declare on the original contract; and if the statute be pleaded, the only question is, whether the defence given by it has been waived. If the objection were good, it would be necessary to recast all the modes of declaring, by way of obviating the possibility of the defendant’s taking advantage of the statute of limitations.” ' It is true, he added, that the point was unnecessary, because there was also a count for an account stated, under which the bill and acknowledgment was sufficient evidence. But the expressions quoted contain a strong declaration of the mode of pleading being perfectly established; so much so,
 
 *376
 
 in the opinion of Westminster Hall, that no other had afi any time been used. The same is assuredly true in our own courts. We know not any higher evidence of the law, than the forms of pleading, settled and adopted by universal usage, through a long course of time. If there were no other authority in favour of declaring on the old promise, this of itself, would constitute the weight of authority mentioned by Judge Henderson. The Court has no just power to change it, or the principle on which it is founded. It would be’ legislating. It is probable that the objection would never have been thought of, but for the effect for some time allowed to extremely loose and vague words in taking a case out of the statute. There is reason to be gratified that it was made, whether that was its purpose or not, since it has brought the courts to consider deliberately the principles of construction for the statute, and to lay down such rules as to the nature of the acknowledgment which will take a case out of it, as will preserve the statute in its integrity, as a protection to those who do not plainly admit a continuing liability for a stale demand. But when admitted, it is a liability for the old debt, upon the original undertaking, or upon a new one of the same tenor.
 

 
 *374
 
 Whenthc new promise is conditional, upon the performance of the condition, it is evidence of a previous absolute promise.
 

 
 *376
 
 It is proper to observe, that the action was brought by the intestate Simonton, and upon his death, revived, under the statute, by the present plaintiff, as his administrator. The acknowledgment of the defendant was in the lifetime of the plaintiff’s intestate; and'is therefore evidence under the pleadings; which contain the language of the original parties. The issues are made between them, and are to be tried as they would be between them.
 

 The opinion of the Court, therefore, is, that the judgment in the Superior Court is erroneous, and must be reversed; and that judgment be here rendered for the plaintiff, according to the verdict.
 

 Per Curiam. - Judgment reversed.