## THE STATE OF IOWA,

### DUBUQUE, FEBRUARY TERM, 1852.

#### In the sixth year of the State.

———•••———

PRESENT:

HON. JOSEPH WILLIAMS, CHIEF JUSTICE.
  "   JOHN F. KINNEY, ⎱ JUDGES.
  "   GEORGE GREENE, ⎰

———•••———

## LATOURETTE v. COOK.

The statute of limitations cannot be pleaded to an action of debt on a judgment from another state.

APLEAL *from the District Court of Dubuque County.*

*Opinion by* KINNEY, J. This was an action of debt brought on the 20th of September, 1850, in the district court of Dubuque county, by *Latourette* v. *Cook*, on a judgment of the inferior court of common pleas of the county of Essex, state of New Jersey, for $192 rendered in favor of said Latourette, against said Cook, on the 11th of

April, 1837. The declaration is in the usual form, to which is annexed a transcript of the record of the court, certified according to the act of congress. The defendant pleaded five pleas. The fourth plea is the plea of the statute of limitation. Plaintiff demurred, defendant joined. The court overruled the demurrer, and gave judgment for the defendant. The only question before the court is, is the plea a good plea to an action of debt founded upon a judgment? This depends very much upon the construction of the statute. Rev. Stat., 385, § 4, is as follows: "That every action of debt or covenant for rent, or arrearages of rent, founded upon any lease, under lease, or every action of debt on account, founded upon any single or penal bill, promissory note, or writing obligatory, for the direct payment of money, or delivery of property, or the performance of covenants, or upon any award under the hands and seals of arbitrators for the payment of money only, and every action of assumpsit, shall be commenced within six years after the cause of such action shall have accrued, and not after." In this specification it will be observed that judgments are not included. Are they embraced under the head of "debt on account?" Clearly not. Hence the action on a judgment is not founded upon a single or penal bill, promissory note, or writing obligatory for the payment of money. True, there is an obligation to pay a judgment, but it is not such an obligation, undertaking or promise, as is contemplated by the statute. The statute applies to actions of debt founded upon contracts in fact, as distinguished from those arising by construction of law.

We are aware that there have been conflicting decisions upon similar statutes, as in the case of *Hubbell* v. *Condrey*, 5 John. R., 132, and *Bissell* v. *Hall*, 11 ib., 168; but it will be found that in the case of *Pease* v. *Howard*, 14 John., 479, and *Thomas* v. *Robinson*, 3 Wend., 267, the supreme court of New York inclined to a different doctrine than the one in 5 John. But in the supreme court of

Latourette *v.* Cook.

Pennsylvania, Mr. Justice Duncan, who gave the opinion of the court, after reviewing the authorities, came to the conclusion that actions on foreign judgments were not within the limitation. He cites Angel on Limitation, 170; *Richard v. Polyreen*, 13 Serg. and R., 393. See, also, 8 N. H., 54.

But it may be said that this is a foreign judgment, and an action upon it should be subject to the same defense as any other specialty. Suppose it is a foreign judgment, and suppose the merits were examinable in the district court—which we do not admit—does it follow that the statute of limitation can be pleaded to it? It is a judgment, and the plaintiff sues upon it as such, and annexes a copy of the record to his declaration, but there is no provision in the statute for the plea to an action of debt *upon a judgment.* The statute has expressly declared, that the plea is only allowable in an action of debt on account, or single or penal bill, promissory note, or writing obligatory for the direct payment of money, delivery of property, performance of covenants, &c. It is only by virtue of a statute that this plea of the statute of limitation can be made, and it can only apply to the particular cases enumerated. As an action upon a judgment does not fall within any of the specifications, the plea was no defense. If the language of the statute had been, all actions of debt, without stating upon what such actions of debt must be founded, then the plea would have been good to an action of debt upon a judgment. But as it set out the kind of actions, and upon what founded, the statute must be confined to the limits prescribed by the legislature.

The court erred, and the judgment is reversed, and a trial *de novo* awarded.

*Smith* and *McKinley*, for appellant.

*L. A. Thomas*, for appellee.