STEPHEN WINBERRY v. FRANCIS D. KOONCE.

*Consideration—Statute of Frauds—Assignment of Chose in Action—Measure of Damages.*

1. An executory agreement by one who holds a judgment constituting a paramount lien on land, to assign the same to another incumbrancer whose lien is subject to such judgment, and also to an intervening mortgage, is sufficient consideration to support a promise of the proposed assignee to pay therefor one third of the amount of such judgment.

2. The statute of frauds does not require that a judgment constituting a lien on land should be assigned by a written instrument.

3. An intent to sell by one party and an intent to buy in the other, at a price agreed, with such conduct as means that one relinquishes all control of a *chose in action* and the other assumes to regard it as his own, with notice to the debtor of what has occurred, constitutes an assignment and a constructive delivery of such *chose* so as to divest the assignor of all his former ownership.

4. While it may be desirable that the assignment of a judgment should appear of record, an entry thereof upon the records of the court rendering it, is not necessary to complete such assignment.

5. In this case, the measure of the plaintiff's damage is the contract price, one-third of the amount of the judgment.

(*Miller* v. *Hoyle*, 6 Ired. Eq., 269; *Hyman* v. *Devereux*, 63 N. C., 624, cited and approved.)

CIVIL ACTION commenced before a justice of the peace, and tried on appeal at Fall Term, 1879, of ONSLOW Superior Court, before *Eure, J.*

Judgment for plaintiff, appeal by defendant.

*Messrs. R. W. Nixon, A. G. Hubbard* and *Battle & Mordecai*, for plaintiff.

*Messrs. Green & Stevenson*, for defendant.

DILLARD, J. The case was this: One Mills had a judgment docketed against W. M. Coston, which was a prior lien to any other on the lands of the debtor. Subsequently Coston executed a mortgage on his land to secure the creditors therein named, and that being duly registered became the second lien on the land, and after the registration of the mortgage the present plaintiff recovered two justice's judgments against Coston and had them docketed, whereby he acquired the third lien.

In this situation the two judgment creditors, Mills and Winberry, issued executions, under one of which, the entire estate in the land, and under the other, only the equity of

redemption could have been sold, and when the property was being cried by the sheriff, the plaintiff as he alleges sold his two judgments to Koonce at the price of one-third of their amount, and the money not being paid, this action was brought to recover the agreed price. The defendant by his answer denies any sale, executed or executory, of plaintiff's judgments to him at any price, and to settle the question of sale or no sale, the court submitted to the jury the issue: "Did plaintiff sell the judgments to defendant for one-third of their amount? and the jury in their verdict respond "yes."

There was no exception to the admission or rejection of evidence, nor to any instruction to the jury, but as we understand from the statement of the case of appeal, the case was treated in the court below as a verdict for the plaintiff subject to the opinion of the court upon certain points raised by the evidence, and so understanding it, we will proceed to consider the supposed errors of the judge in his conclusion thereon.

1. It was contended by defendant that the assignment of the judgments to him, conceding it to be made, was no consideration on which the promise sued on could be supported, and that plaintiff, on that account and for the additional reason, that nothing had been received by him on said judgments, could not recover. The right of plaintiff to recover in no manner depends on whether the defendant has or will ever collect the judgments. It is true that the plaintiff, by reason that his assignment does not pass the legal title to the judgments, occupies the relation of a sort of trustee to the defendant in the sense of being bound to allow the use of his name in actions at law for their collection and to take the proceeds, but that is ulterior to the consideration of the promise on which this action is brought. The promise sued on is the promise to pay one-third of the amount of the two judgments assigned, and the consideration

is the assignment of the judgments on Coston. Anything. of value or advantage moving to the promisor from the promisee is in law sufficient to support a promise. It is obvious that the assignment made, if in manner sufficient to enable defendant to have execution and all other necessary remedies for the collection of the judgments, (about the manner of which we need not at present consider) was a valuable right, and in itself sufficient to support defendant's promise, but besides, it had the effect to put the plaintiff, the holder of the third lien on the land, out of the way as a competitor in the bidding, and thereby created to defendant the opportunity to buy at a less sum than he otherwise could have done. The assignment if made was under the rule a sufficient consideration, and so holding, the judgment of His Honor was not erroneous.

2. Defendant insisted that the judgments were a lien on land, and that the assignment, even if made, was void as amounting to a sale or transfer of interest in or concerning land, without a writing as required by the statute of frauds : The debt ascertained and adjudged by the judgments was the principal, and the lien they had on land was a security created by statute and only an incident, and the contract to assign the judgments was not within the statute of frauds. Contracts within the statute of frauds are contracts to sell or convey lands or some interest in or concerning them, in the party undertaking to alienate them, and they were required to be in writing signed by the party sought to be charged, upon the policy to prevent frauds and injuries. There is nothing of the character of vendor or vendee in this transaction of assigning the judgments, and there can be no necessity of a memorandum in writing to be signed by the plaintiff, for he has no interest in the land, but the judgment debtor only. It cannot be that a law enacted to protect against the frauds and injuries of witnesses in proving sales of land, or interests in land, can be construed to

extend to and include judgment liens created by the law itself as an incident to a judgment. Being an incident, it passes with a grant of the principal by mere operation of law. *Miller* v. *Hoyle.* 6 Ired. Eq., 269; *Hyman* v. *Devereux,* 63 N. C., 624.

3. The point was taken that judgment should be rendered for defendant, on the ground that what is called an assignment was incomplete and inoperative to pass any equitable right to defendant in the two judgments: It is unquestionable, that while the judgments were assignable, they must have been assigned in such manner as to be legally sufficient to pass the equitable interest therein, or otherwise it would be but executory and the action could not be maintained. No particular mode of assignment is prescribed or required. It may be done with or without writing, and in any form of words, provided the intent to assign be clear and some act be done between the parties amounting to an appropriation, or a constructive delivery. Adams' Eq., 54; 2 Schouler on Personal Property, 676. An intent to sell by one and an intent to buy in the other, at a price paid or agreed to be paid, with such conduct or acts as means that the one resigns all future control of the *chose,* and the other assumes to regard it as his own, is an appropriation *inter se,* and on notice to the party who is to pay it, approximates a delivery of a chattel, and is then called a constructive delivery, and thereupon the right of the assignee is perfected against any possible further control of the assignor. Adams' Eq., 55; Schouler on Personal Property, 678. Now here the jury find the sale of the judgments, and by the evidence sent up as a part of the judge's case, taking it most strongly against the appellant, the fact was that after the land was knocked down to the plaintiff, the defendant in execution of the agreement had the entry of the sale to plaintiff changed into his own name, and he then and there rehearsed the terms of the trade and procured an indulgence

from the plaintiff for the money which was to be paid him, until the next court. And herein there was plainly the assent of plaintiff to cease any further control of the judgments, and of defendant to hold himself to be owner, thus making in law an appropriation of the judgments to the defendant; and besides this, there was a recital before Coston, the judgment debtor, of the sale and its terms, and therein the equitable interest of defendant was perfected as much so as by delivery in the case of a tangible chattel. We hold therefore that the assignment was executed and the equitable title passed.

4. It was urged that the judgment docket stood in the name of the plaintiff and he still had control and therefore judgment should not be entered for the plaintiff: The answer is, it might be most desirable that the assignment should have been entered of record, but it was not necessary. It is enough if the assignment be made in such manner as to give defendant the right to go into court and have the aid of the court to enforce the judgments, upon any proof of ownership whether by record or other.

5. Upon the point as to the measure of damages, the assignment of the judgments being determined to be a sufficient consideration, it is evident that the plaintiff was entitled to recover the third of the judgments as held by the court below.

There is no error in His Honor's rulings upon the numerous points made by defendant against the rendition of the judgment on the verdict of the jury, and the verdict must be affirmed. Let this be certified.

No error.                                    Affirmed.