ANGUS H. McDONALD v. R. D. DICKSON, and others.

*Judgment—Contract—Statute of Limitations.*

1. The decision in this case, reported in 85 N. C., 248, is affirmed.

2. A partial payment, voluntarily made, on a judgment within ten years preceding a motion for leave to issue execution thereon, does not remove the statutory bar.  C. C. P., § 31.

3. A judgment is not a contract within the meaning of the act of assembly, which provides that a promise in writing, or an actual payment by the party, shall be received as evidence of a new and continuing contract, to repel the statute of limitations.  C. C. P., § 51.

4. The act confines the written acknowledgment, to actions on contract, and dispenses with a writing where partial payment is made, which is in effect a written promise.

5. A cause of action on contract or tort loses its identity when merged in a judgment; and thereafter, a new cause of action arises out of the judgment.

6. Distinction between judgments and contracts, as separate and independent causes of action to which different periods of limitations are prescribed, stated by SMITH, C. J.

Mr. Justice RUFFIN dissents from the opinion of the court.

(*Walton* v. *Robinson*, 5 Ired., 341 ; *Falls* v. *Sherrill*, 2 Dev. & Bat., 371 ; *Hewlett* v. *Schenck*, 82 N. C., 234 ; *Green* v. *Greensboro*, &c., 83 N. C., 449 ; *Edenton* v. *Wool*, 65 N. C., 379 ; *Katzenstein* v. *R. R. Co.*, 84 N. C., 688, cited and approved.)

PETITION to rehear, decided at October Term, 1882, of THE SUPREME COURT.

*Messrs. Burwell & Walker*, for plaintiff.
*Messrs. J. D. Shaw* and *Hinsdale & Devereux*, for defendant, cited *Taylor* v. *Spivey*, 11 Ired., 427.

SMITH, C. J. We are asked to re-consider the decision rendered in this cause at October session, 1881, (85 N. C., 248) and our attention is called to the effect of the partial payment made on May 9th, 1871, and within the ten years preceding the application for leave to issue execution, in removing the bar of the statute of limitations relied on as a defence.

Under the former system, there was no period prescribed within which actions must be brought on judgments rendered, except those before a justice of the peace, or on sealed obligations other than official bonds, and the lapse of time only raised a presumption of payment, shortened by statute to ten years after the cause of action accrued, and this was open to disproof before the jury. Consequently a recognition of the debt, as subsisting, by making a payment upon it, a most unequivocal acknowledgment of the obligation, was held to rebut the presumption of payment and entitle the plaintiff to recover.

Judgments and contracts under seal under the superseding statute are now subject to limitations, and actions to

enforce them must be brought, as in the enforcement of other causes of action, within a fixed period, or the remedy meets the bar.

There is therefore no analogy which makes the decisions under the former precedents applicable to the present law, inasmuch as they relate entirely to rules of evidence and not to the removal of a statutory bar where the action is upon a bond or judgment. A payment of part of a debt resting upon a promise has the same effect in continuing or reviving it, as a new promise itself; and the very act is deemed a promise to pay the residue. Its effect is to revive and continue in force the antecedent liability when the promise is of the same nature as that to be revived, and the declaration is upon the original cause of action, the plea of the statute being neutralized and put out of the way by the new acknowledgment.

"Nothing is plainer," remarks RUFFIN, C. J., "than that making a payment on a note- repels the statute. It is assuming the balance anew." *Walton* v. *Robinson*, 5 Ired., 341. And a promise after suit brought repels the statute and sustains the action, as is decided in *Falls* v. *Sherill*, 2 Dev. & Bat., 371. The subject has been so recently considered that it is needless to pursue the discussion further. *Hewlett* v. *Schenck*, 82 N. C., 234; *Green* v. *Greensboro College,* 83 N. C., 449.

In enacting the substituted statute which after a fixed time bars the cause of action itself, and does not, as before, obstruct the remedy merely, it is provided (C. C. P., § 51) that "no acknowledgment or promise shall be received as evidence of a new or continuing contract whereby to take the case out of the operation of this title, unless the same be contained in some writing, signed by the party to be charged thereby. But this section shall not alter the effect of any payment of principal on interest." The section confines the new written acknowledgment or promise to actions on contract, and its force is spent in removing the bar

and permitting a recovery on the cause of action to which the defence is set up, and the concluding clause is but a qualification of what precedes, by dispensing with a writing when a payment is made, and imparting to that act the legal effect of a written promise. It is to be understood as declaring that an acknowledgment or promise in writing signed, or an actual payment by the party sued, shall be received as evidence of a new or continuing contract; and when the new promise, positive or implied, is not itself the cause of action, but is used to prove and support that to which it relates, and which would otherwise be barred, it must be confined to such as arise out of contract and none others.

The sole remaining inquiry then is, whether in the sense of the act a judgment can be deemed a contract and sued on as such, whether recovered upon a contract or for a tort.

There have been several adjudications that an action for a penalty, being in the former pleading classed with actions *ex contractu* as distinguished from those *ex delicto*, may be maintained before a justice of the peace, whose jurisdiction was restrained under the constitution to actions on contract, until amended, and then to a limited amount. *Town of Edenton* v. *Wool*, 65 N. C., 379 ; *Katzenstein* v. *R. & G. R. R. Co.*, 84 N. C., 688.

These adjudications do not determine the sense in which the word used in the statute is intended to be understood, and we think a cause of action on contract or tort. loses its identity when merged in a judgment, and thereafter a new cause of action arises out of the judgment whenever it becomes necessary to enforce the obligation by suit. The liability of the debtor no longer rests upon his voluntary agreement, but upon the adjudication of the court into which the former has passed ; and while the indebtedness thus established, when the enforcement of the judgment is obstructed by the statutory bar, may constitute the

consideration of a subsequent promise as a new cause of action, the promise itself cannot remove the legal consequences of the lapse of time upon the judgment itself.

The distinction between judgments and contracts as separate and independent causes of action, to which different periods of limitation are assigned, is marked and manifest throughout the present, as it was in the former acts of limitation. Thus the period of ten years is fixed within which actions must be brought on judgments other than those of a justice of the peace, and seven years for the latter; and again, leave must be obtained upon the first class of judgments before the action can be begun; while varying times are prescribed within which suit must be brought upon the different forms of contract, and against different parties liable thereon.

But the very point came before the supreme court of Kentucky and was determined in *Dudley* v. *Lindsey*, B. Mon., 486. There, an action of debt was brought on a judgment recovered in the circuit court of the United States in the state of Mississippi, to which was pleaded *nul tiel record* and the statute of limitations. The plaintiff demurred to the latter plea. The statute on which the defendant relied, declares " that all actions of debt grounded upon any lending or contract without specialty, and all actions of debt for arrearages of rent, shall be commenced and sued within five years," and it was contended that a debt due by judgment is founded upon contract, and that, as the statute contains a single exception and that in the case of specialties, the limitation applies to all other contracts, embracing a debt due by judgment. The court say: "A judgment for money is not strictly a contract, but it imposes a civil liability and is a more conclusive evidence of indebtedness than a contract by specialty; and therefore an action upon it is not embraced by the statute of limitations."

A *judgment* is not an *agreement, contract* or *promise* in writ-

ing, nor is it in a legal sense a specialty.   Therefore the action on it is not within 21 James I, and similar enactments in the states.   7 Wait Actions and Defences, 253.

As then an unequivocal acknowledgment or promise in writing will not remove the statutory obstruction to the enforcement of a judgment by a new action, because it is not a contract within the meaning of the act, nor can a partial payment which implies such promise have greater effect than an express promise, the present proceeding whose purpose is to obtain an order for leave to issue execution upon the *dormant judgment*, must also be ineffectual.   The case is one referring solely to a defence under the statute of limitations, not one raising a presumption capable of being rebutted, and therefore must be decided upon the principles involved in former adjudications.   We must therefore affirm the judgment, and it is so ordered.

RUFFIN, J., *Dissenting.*   It devolved upon me when this cause was first before the court, to prepare the opinion which is now the subject of review.   I am very sure that at that time no one partook of more confidence in the correctness of the conclusion, then arrived at by the whole court, than myself; and I much wish I could concur with my associates in still thinking it to be correct.   But the fact is otherwise, and it is but candid in me to say so.   Not that my opinion of the law governing the case has undergone a change, but that I failed to impute to the fact that there had been a payment made upon the judgment, that significance which I think it deserves, and which I should then have given to it, if I had correctly apprehended its nature.

In investigating the case, which I endeavored to do thoroughly, it did not escape me that there had been a payment made; but, somehow from the fact of its being on a judgment, I received the impression that it had been involuntarily made, under execution, and could not therefore affect

the rights of the parties, or the question I was then considering, and so took no note of it.

It turns out, however, to have been *voluntarily* made, and the question is, whether as such, it has the effect to repel the statute of limitations by virtue of the provision contained in section 51 of the Code, the words of which are correctly cited in the opinion of the Chief Justice. My brethren think it does not, while I think it was intended that it should do so.

I do not regard it as absolutely essential to the successful maintenance of my view of the case, that I should be able to establish the proposition that, as ordinarily understood, a judgment is a contract. Though, as to that matter, notwithstanding some apparent conflict amongst them, I conceive the weight of the authorities, as well as the reason of the law, to be with me.

Both Parson and Chitty, in their works upon Contracts, speak of judgments as coming within the very definition of the term " contract." In the former it is said, that " contracts by specialties are of two sorts—contracts under seal ; and *contracts of record, such as ·judgments,*" *&c.;* and in the latter, that " contracts, or obligations *ex contractu,* are of two descriptions, and may be classed with reference to their respective degrees of superiority, as follows : *Contracts of record, consisting of judgments,*" &c.

In *Stuart* v. *Landers,* 16 Cal., 373, the supreme court of that state held, that, under a statute which gave to justices of the peace a jurisdiction over *contracts* for limited amounts, they had jurisdiction over actions brought upon judgments falling within the amount, and their decision was put expressly upon the ground that a judgment was a contract. And so under our constitution and statute, giving to them the exclusive original jurisdiction of all actions *founded on contract,* wherein the sum demanded does not exceed two hundred dollars, the justices' courts have uniformly enter-

McDONALD *v.* DICKSON.

tained actions brought upon judgments previously rendered by justices. And I much question whether there is, to-day, a lawyer in the state, who doubts their right to do so, of who believes that such actions could be brought in any other court.

I am very well aware that there is a series of cases in which it has been held that judgments did not come within the meaning of the statutes, which prescribed a period of limitation to "actions upon contracts" merely. But as I catch their import, they proceed, not upon the ground that a judgment is not a contract, but that it is not one in the ordinary acceptation of that term ; and as every statute of limitation is in restraint of right, the courts construe them strictly, and will give them no effect beyond that which the plain and ordinary signification of their words requires.

Such certainly is the ground-work of the decision in *Pease* v. *Howard,* 14 John., 479, which, though not referred to in the opinion of the court, is exactly parallel with the case cited from the Kentucky reports.

This seems to me to be the true ground and one upon which all the cases, though apparently in conflict, may be reconciled. A statute so entirely in derogation of common right as is the statute of limitations, should be strictly construed, and under it a judgment should not be treated as a contract, because it does not come within the necessity of that term. But a statute, such as we are now considering, which dispenses with the limitation imposed upon actions, and is in furtherance of common right, should be so interpreted by the courts, as to give the benefit of its relief to every person and subject, coming within its spirit and the mischief it was intended to remedy.

As I view the case before us, it is not so much a question as to the bare meaning of words, as it is one of intention. And conceding that ordinarily the term "contract" as used in a statute would not apply to a judgment, I still think

that upon a fair construction of this statute, according to legitimate rules for ascertaining the intention of those who framed it, it should do so in this instance, and indeed that it was so intended.

In construing a statute, the great rule of construction is to ascertain what was the intention of those using the language—to be gathered from the words themselves, taken in connection with the subject matter, and the condition of the law before its adoption.

On tracing the history of the common law in this connection, and of the legislation upon the subject, it will be seen that bonds for the payment of money only, and judgments, have invariably stood upon the same footing together. Originally, and as a bare rule of the courts, they were alike subject to a presumption of satisfaction arising from the great lapse of time; next, by positive enactment, the period for that presumption to arise was fixed at the end of twenty years; and afterwards, by the act of 1826, at the end of ten years; and at all times and in every stage of the law, they were alike affected by a partial payment upon them, that is to say, such a payment served to rebut the presumption of satisfaction that would otherwise have arisen, as to both forms of indebtedness, and from his having paid part of the debt the courts would presume a willingness on the part of the debtor to pay the whole.

Then again, upon the adoption of the Code of Civil Procedure, the two are made to occupy their same relative positions, being both made subject to an absolute bar at the end of ten years (§ 31); and I can conceive of no reason why after this there should be a discrimination made between them, whereby the effect previously attributed to a payment should be preserved as to bonds, and dispensed with as to judgments—thus leaving the latter, the only form of indebtedness known to the law, as to which nothing could repel the bar of the statute.

Nor do I conceive that the language of the section re-
ferred to demands such an interpretation at the hands of
the court  On the contrary, my brethren seem to me to
put an unwarranted restriction upon the last clause of the
section, and to construe it as if its words had been written,
" but this section shall not alter the effect of any payment
of principal or interest, *upon any bond for the payment of
money.*"   Whereas, I take it to be a general declaration, that
thereafter the effect of a payment should be just what it
had always been, without regard to the form of the indebt-
edness to which it applies.  It is true, the clause in ques-
tion is put in immediate juxtaposition with other provis-
ions of the statute that have reference to " promises " and
" contracts," but that I would rather attribute to accident,
or carelessness in the draftsman, than suspect a purpose on
the part of the law-makers, so utterly inconsistent with the
whole tenor of legislation upon the subject, and with the
admitted policy of the Code in other respects.

It is said in *Davidson* v. *Alexander*, 84 N. C., 621, that the
effect of the Code is such that in a great measure judgments
have ceased to be the mere recorded conclusions of the
courts, as to the rights of suitors before them, and are now
made to perform many of the functions of mortgages, and
to serve as securities for even future and contingent liabili-
ties.   Now, if this exposition of the new system be in any
degree a correct one, how wide of the mark does it seem to
be to say that a judgment is no longer a contract, and how
unreasonable appears the supposition that the legislature
intended this form of securities, thus designed to act so im-
portant a part in the business life of the country, to occupy
a footing more hazardous than all others, and that as to
them, there should be no stay whatever to the bar worked
by the statute of limitations, and this too, when at the very
same time a delay in the enforcement of judgments is

courted, by declaring them to be a lien upon lands, to continue for ten years.

Impressed with these convictions, I have allowed myself greater latitude in construing the statute, so as to attain what I conceived to be the legislative intention, than my associates seem willing to indulge in.

It may be that they are right, and very sure it is that henceforth their decision shall be the law with me, and my only object in expressing my views, at all, has been to call attention to the subject, so that, if deemed necessary, steps may be taken to make the law perfectly free from doubt, one way or the other.

PER CURIAM.                                        Affirmed.