VAN B. MOORE v. M. A. NOWELL et als.

*Judgment—Parties—Joinder of Causes of Action—Jurisdiction—Demurrer—Assignment of Error.*

1. The assignee of a judgment can maintain an action on it in his own name.

2. While judgments are not treated as contracts for all purposes, they are so treated for the purpose of distinguishing them from causes of action arising *ex delicto*, and are not embraced in §177 of The Code, forbidding the assignment of things in action not arising out of contract.

3. Where the cause of action set out in the complaint, was several judgments rendered by a justice of the peace, each for a less sum than two hundred dollars, but aggregating more than that sum; *It was held*, (1) That the causes of action were properly joined; and (2) That the Superior Court had jurisdiction.

4. It is the sum which is demanded in good faith which confers jurisdiction, and where the plaintiff's demand consists of several distinct items, it is the aggregate which constitutes the sum demanded and confers jurisdiction.

5. Although it is more orderly to state each cause of action in a separate and distinct allegation, yet if it fully appear from the complaint what each demand is, the failure to do so is not ground of demurrer.

6. Where an action was brought against three judgment debtors and the administratrix of a fourth, on the judgment, and the heirs-at-law of the deceased judgment debtor were made parties, and the prayer for judgment was that execution issue against the three defendants who were alive, and that the administratrix of the dead one proceed to sell his land to make assets; *It was held*, that the heirs were unnecessary parties, and that the plaintiff was not entitled to his prayer for judgment against the administratrix to sell the land, but that this was not ground of demurrer by one of the other defendants.

7. The objection that a judgment on a demurrer is final and not that the defendant answer over, cannot be made for the first time in this Court.

8. The prayer for judgment does not fix the plaintiff's right, but the Court should grant such judgment as the allegations in the pleadings will warrant.

(*Winberry* v. *Koonce,* 83 N. C., 351; *McDonald* v. *Dickson,* 87 N. C., 404; *Froelich* v. *The Express Co.,* 67 N. C. 1; *Wiseman* v. *Witherow,* 90 N. C., 140; *Sutton* v. *McMillan,* 72 N. C., 102; *Dunn* v. *Barnes,* 73 N. C., 273; *Knight* v. *Houghtalling,* 85 N. C., 17; *Jones* v. *Mial,* 79 N. C., 164; *Same case,* 82 N. C., 252, cited and approved).

CIVIL ACTION heard on demurrer, before *Clark, Judge,* at August Term, 1885, of the Superior Court of WAKE county.

The complaint was as follows:

The plaintiff above named, complaining of the defendants above named, alleges:

I. That on the 9th of June, A. D. 1879, one William K. Davis, as guardian of Mary A. Morehead, sued out and prosecuted against the defendants J. R. Taylor, John N. Bunting, Charles D. Upchurch and the intestate of the defendant Minerva A. Nowell, J. J. Nowell, he being then alive, in the court of a justice of the peace, acting in and for the county aforesaid, three several actions for the recovery of various sums of money, due

by notes given for the rent of land, each note being for less than two hundred dollars, all of said actions being within the jurisdiction of a justice of the peace; whereupon, upon consideration of the said court, it was ordered and adjudged, that the said William K. Davis, plaintiff as aforesaid, should recover of the said John R. Taylor, John N. Bunting, Charles D. Upchurch and J. J. Nowell, as follows:

In the first of said actions, the sum of $79.32, with interest on $69.50 from the said 9th day of June, 1879, and his costs of action. In the second of said actions, the sum of $155.62, with interest on $135.00 from the said 9th day of June, 1879, and his costs of action. And in the third of said actions, the sum of $80.34, with interest on $67.50 from the said 9th day of June, 1879, and his costs of action. All of which said judgments, the said William K. Davis, caused to be forthwith, to-wit: on the said 9th day of June, 1879, docketed in the office of the Superior Court of the county aforesaid.

The plaintiff is informed and believes, and so charges, that no part of the said judgments or any of them, has ever been paid, but the same now remain in full force and effect, and constitute and are a lien in law upon all the real estate then, on the said 9th day of June, 1879, owned by the said judgment defendants, any and all of them, or by them since acquired.

II. That on the 9th day of February, 1885, for value received, the said William K. Davis assigned and transferred, in writing, each and all of the three said judgments, to the plaintiff Van B. Moore, who is now the owner thereof, and the real party in interest.

III. That after the rendition and docketing of said judgments, as hereinbefore set forth, to-wit: on the ...... day of ...... ......, 1882, the said J. J. Nowell departed this life, leaving the defendant Minerva A. Nowell, his widow, and the defendants Nellie G., James, Willie, and Henry Nowell, and Arnetta Adams, (born Nowell), wife of the defendant Thomas Adams, his children and only heirs-at-law.

IV. That on the 18th day of September, 1882, the said Minerva A. Nowell was duly appointed and qualified as administratrix of the said J. J. Nowell, dec'd, and took upon herself the discharge of the duties of her said office.

V. That the said administratrix has not, since her said qualification, paid any part of said judgments or either of them, either to the said William K. Davis, as the plaintiff is informed and believes, or to the plaintiff, though she has been requested so to do.

VI. That at the time of the death of the said J. J. Nowell, he was seized and possessed, as of his own right, of the following real estate, as the plaintiff is informed and believes.

(Here the complaint sets out the various tracts of land.)

The plaintiff is advised and so insists, that the said judgments, and all of them, are, in law, a lien upon the real estate aforesaid, and entitled to payment out of the proceeds thereof when sold, before any other of the debts of the said decedent are paid, except such debts as may constitute prior liens thereon.

VII. The plaintiff has no knowledge as to the ages of the defendants, children and heirs-at-law of the decedent, the said J. J. Nowell, but he is informed that some, if not all, of the said children and heirs-at-law are infants under the age of twenty-one years. He therefore prays that their general guardian, Moses G. Todd, be ordered by the Court to represent the said infants in this action.

VIII. That Moses G. Todd is the duly appointed and qualified guardian of the said Nellie G., James, Willie and Henry Nowell.

Wherefore the plaintiff prays judgment:

I. That the defendant Minerva A. Nowell as administratrix as aforesaid, pay to the plaintiff the sum of three hundred and fifteen dollars and twenty-eight cents, with interest on two hundred and sixty-two dollars, from the said 9th day of June, 1879, together with the costs of said three actions, and the costs of this action to be taxed by the Clerk of the Court, or in case she have

not now in her hands sufficient assets of the estate of her said intestate, wherewith to make such payment, that she forthwith proceed, according to law, to sell so much of said real estate as may be sufficient therefor.

II. That execution issue on the said three judgments against the said John R. Taylor, John N. Bunting and Charles D. Upchurch.

The defendant Upchurch demurred to the complaint on the following grounds:

1. That the judgments on which the plaintiff brings his action are not negotiable or assignable in law, so as to give the plaintiff a right of action at law in his own name thereon.

2. That the plaintiff is not a party to the judgments on which his action is brought, and was not a party to the action in which the said judgments were rendered by the justice of the peace, and has no legal right to sue on the said judgments in his own name.

3. That William K. Davis, the plaintiff, in whose favor the said judgments were granted, is not a party to this action.

4. That this Court has no jurisdiction of this action, for the reason that each of the several causes of action united in the complaint in this action, is for less than two hundred dollars, and is founded on a judgment of a justice of the peace, of which a justice of the peace has exclusive original jurisdiction.

5. That the plaintiff has improperly united several causes of action.

6. That the plaintiff does not, in his complaint, state each cause of action separately, but, in his complaint, compounds and states his several causes of action together.

7. That the plaintiff has united several causes of action in his complaint in which he demands different judgments against the several defendants to said action.

His Honor overruled the demurrer, and gave judgment final against the defendant Upchurch, from which he appealed.

*Mr. John Gatling*, for the plaintiff.
*Mr. John Devereux, Jr.*, for the defendant.

MERRIMON, J. Judgments whether they be granted by a justice of the peace, or a court of record, are assignable either in writing or by merely verbal transfer, so as to pass the equitable title to them to the purchaser. *Winberry* v. *Koonce*, 83 N. C., 351.

The judgments mentioned and described in the complaint, were assigned to the plaintiff in writing, for value, and he became the complete equitable owner of them and the " real party in interest." The person in whose name they were taken, has only the naked legal title to them, and he holds that for the plaintiff.

It is insisted, however, that the statute, (The Code, §177,) provides that, "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided, but this section shall not be deemed to authorize the *assignment of a thing in action not arising out of contract*," and that the judgments are things in action not arising " out of contract."

We cannot concur in this view. Judgments are, it is true, not ordinarily and always and for all purposes treated as contracts, as was decided, in *McDonald* v. *Dickson*, 87 N. C., 404 ; but in the sense of distinguishing them from causes of action arising *ex delicto*, they are contracts, and are classed in the law as *contracts of record*, and of the highest dignity. They possess the quality of engagement, by implication and force of the law, on the part of the judgment debtor, to pay the sum of money adjudged to be due the judgment creditor. It is said, that contracts or obligations *ex contractu* are of three descriptions, and they may be classed, with reference to their respective orders or degrees of superiority, as follows: 1. Contracts of Record ; 2. Specialties ; 3. Simple contracts.

Contract of Records consist of *judgments, recognizances,* &c. Chitty on Cont. 3. See also the dissenting opinion of Justice RUFFIN, in *McDonald* v. *Dickson, supra.*

The term "contract," as employed in the statute just cited, is used in its broadest legal sense—in a fundamental sense—and

implies and embraces all things in action, that have the nature or legal quality of a contract as defined by the law. It is employed in a leading and distinguishing sense, in the formation of a system of procedure.

Therefore, the judgments sued upon in this action, do arise out of contract, and the plaintiff, as assignee, may maintain an action upon them in his own name.

The appellant further insists, that as the judgments sued upon, are severally for a less sum than $200, the Superior Court has not original jurisdiction of them.

This objection is nottenable. The Constitution, Art. IV, §27, provides among other things, that, "The several Justices of the Peace, shall have jurisdiction, under such regulations as the General Assembly shall prescribe, of all actions founded on contract, wherein the sum *demanded* shall not exceed two hundred dollars," &c., and the statute, (The Code §834,) provides that "Justices of the Peace shall have exclusive original jurisdiction of all civil actions founded on contract except: 1. Wherein the sum *demanded*, exclusive of interest, exceeds two hundred dollars" &c.

It will be observed that it is the sum *demanded* that fixes the jurisdiction, and it has been held that this implies the sum demanded in good faith. *Froelich* v. *Express Co.*, 67 N. C., 1; *Wiseman* v. *Witherow*, 90 N. C., 140. The phrase "sum demanded," implies the whole sum due to the plaintiff or plaintiffs, from the defendant or defendants in the action, for the same like and kindred accounts in nature, as if the whole sum demanded is $600, $100 of it due by open account, $200 by promissory note, and $300 by judgment. All these sums may be consolidated, and sued for in the same action, and thus consolidated, they would constitute the plaintiff's "sum demanded." And so also, if the sum demanded on each account, is less than $200, but in the aggregate more than that sum, they may be sued for as a single demand in the Superior Court, and it would have jurisdiction. There is no statute that forbids this in terms

or by reasonable implication, and we can see no just reason why it may not be done. Such practice would be convenient and economize cost and time in many cases. It was the common practice in this State, before the adoption of the present method of procedure, to consolidate two or more debts due the same plaintiff from the same defendant, each within the jurisdiction of a justice of the peace, and thus give the County or Superior Courts jurisdiction. We see no reason why the same practice may not now prevail. Indeed it has been held, in at least one case, that it may. *Sutton* v. *McMillan*, 72 N. C., 102.

The plaintiff is not, in such cases, obliged to sue in the same action for each sum so due to him, but he may do so. If, however, he should multiply actions in the same count for distinct sums of money so due him, on similar accounts, the Court might and would, no reasonable objection appearing, direct such actions to be consolidated. This ought to be done on the score of economy of time and cost, and to prevent vexatious litigation.

The plaintiff's demand is not very formally stated, but the Court can certainly see what it is, and what the several particular demands are, that constitute the whole. The defendant had such information as would enable him to make any defence he might have. This is sufficient, although it would have been better to make each allegation separate and formal. Perhaps the Court would have entertained and allowed a motion, made in apt time, to require the plaintiff to make his allegations severally, and more formal.

The appellant further contends that the appellee has united several distinct causes of action in his complaint, and demands different judgments against several defendants.

We think otherwise. The three judgments sued upon, were granted by a justice of the peace, in favor of the same plaintiff against the same defendants, and they were duly docketed in the Superior Court. The plaintiff in each of them, for value, sold and assigned them in writing to the present plaintiff. One of the judgment debtors died intestate, before the action was brought,

and an administratrix of his estate was appointed. The plaintiff brought this action against all the surviving judgment debtors, joining with them the administratrix, and the heirs at law of the intestate, and demanded judgment against the administratrix for the amount of the judgments mentioned, and that she sell the land of her intestate, and out of the proceeds pay the plaintiff's debts, and that execution issue against the other judgment debtor defendants. This demand for judgment was not a proper one, or one warranted by the complaint. Nor were the heirs-at-law necessary or proper parties, and no judgment could be given against them. But they were simply unnecessary parties, and being such, this could not defeat the plaintiff's action, nor was it ground for demurrer. The failure to demand a proper judgment, did not operate to defeat the plaintiff's action. The allegations of the complaint, notwithstanding immaterial and redundant matter, and unnecessary parties defendant, plainly indicated the proper judgment, and the Court, seeing this, could grant it, without regard to an inappropriate demand for judgment; or in the absence of any formal demand in that respect. It was the duty of the Court to give such judgment as the law allowed, in the case presented by the pleadings. *Dunn* v. *Barnes*, 73 N. C., 273; *Knight* v. *Houghtalling*, 85 N. C., 17; *Jones* v. *Mial*, 79 N. C., 164; *Jones* v. *Mial*, 82 N. C., 252.

The Court overruled the demurrer and gave judgment against the appellant. It does not appear affirmatively that it held that the demurrer was frivolous and therefore gave judgment. The counsel insisted here, that the Court ought to have given judgment that the appellant answer the complaint, unless it had first decided that the demurrer was frivolous.

There is no exception in the record raising any question in that respect, and it must be taken here, that the judgment was a proper one, and hence no exception was taken in the Court below. It is too late to raise the objection here. The judgment must be affirmed.

No error.                                                      Affirmed.