J. DUNCAN *v.* W. A. PHILPOT.

An action brought in February 1868, for the penalty of one hundred dollars against a sheriff for neglecting to note upon process the day on which it was received, Rev. Code, c. 31, s. 39: by the effect of ss. 47 and 48 of the same chapter, should be in the name of the State as plaintiff.

(*Norman* v. *Dunbar*, 8 Jon. 317, approved, *Hathaway* v. *Freeman*, 7 Ire. 109, distinguished.)

(How such actions are to be brought under the C. C. P., *quære?*)

DEBT, tried before *Logan J.*, at Spring Term 1870 of MECKLENBURG Court.

The plaintiff declared against the defendant as sheriff, &c., for the penalty of $100 given by Rev. Code, ch. 31, s. 39, because of his having failed to note upon process the day on which he received it.

The defendant objected, that the suit could not be maintained in the name of the plaintiff, but should have been brought in the name of the State, &c. He also objected that there was no evidence to show that the defendant was sheriff.

Verdict for the defendant; Rule &c.; Judgment and appeal.

*Wilson*, for the appellant.
*Dowd*, contra.

SETTLE, J. This is an action against the sheriff of Granville County, to recover the penalty of one hundred dollars for his neglect to note on process the day on which he received it: Rev. Code, ch. 31, sec. 39.

The defendant opposed two objections to the recovery of the plaintiff:

1. The suit should have been brought in the name of the State.

6

2. There was no evidence that W. A. Philpot was sheriff of Granville County.

It will be observed that in *Hathaway* v. *Freeman*, 7 Ire. 109, cited upon the argument, the decision is based upon the act of 1777, Rev. Stat. ch. 31, sec. 43, which enacts that the sheriff "shall mark on each process the day on which he shall have received it" and "for neglecting to do so he shall forfeit one hundred dollars, *to be recovered by any person who will sue for the same.*"

The words "to be recovered by any person who will sue for the same," are omitted in the Rev. Code ch. 31, sec. 39, which is substantially a copy in other respects of the act of 1777 ; and although the 47th section of the thirty-fifth chapter of the Revised Code enacts that "where a penalty may be imposed by any law passed or hereafter to be passed, and it shall not be provided by the law to what person the penalty is given, it may be recovered by any one who will sue for the same, and for his own use," yet it is immediately followed by the 48th section, which enacts that "whenever any penalty shall be given by statute, and it is not prescribed *in whose name* suit therefor may be commenced, the same shall be brought in the name of the State."

The effect of these two sections is, that the suit must be brought in the name of the State, but the person who brings it will recover the penalty for his own use : *Norman Dunbar*, 8 Jon. 317.

Since the first point is in favor of the defendant, it is unnecessary to consider the second. This action was commenced before the adoption of the Code of Civil Procedure, and is therefore not affected by it, but it may be well hereafter to consider how far the provision requiring all actions to be brought by the party in interest, has modified the former law.

PER CURIAM.                    Judgment affirmed.