W. S. BURNS v. W. R. ASHWORTH and another.

A misjoinder of parties, or a misjoinder of causes of action, is ground of demurrer, and can be taken advantage of in no other way.

Under our liberal system of pleading, a joinder of unnecesssary parties is not fatal, and may be treated as surplusage. And several causes of action may be joined in the same complasnt, provided they arise out of the same transaction.

(*Green* v. *Green*, 69 N. C. Rep. 294; *N. C. Land Company* v. *Beatty*, Ibid, 329, cited and approved.)

CIVIL ACTION tried before *Tourgee, J.*, at the Spring Term, 1874, of the Superior Court of RANDOLPH county.

All the facts necessary to be stated are found in the opinion of the Court.

His Honor, on the trial below, dismissed the action, from which judgment the plaintiff appealed.

*Scott & Caldwell*, for appellant.
*Shipp & Bailey*, contra.

BYNUM, J.   After both defendants had answered the complaint, upon the merits, and the case had come to trial, the defendants moved to dismiss, because of the misjoinder of parties defendant, as the case states, but for misjoinder of causes of action, as was insisted here, by the counsel of the defendants. We must be governed by the record ; but whether the motion was for one or the other cause, the objection could be made by demurrer only.   When the demurrable matter does not appear upon the face of the complaint, the objection may be taken by answer, C. C. P. sec. 98.  But if it is taken neither by demurrer or answer, the defendants are deemed to have waived every objection, except as to the jurisdiction, and that the complaint does not state facts sufficient to constitute a cause of action. C. C. P., sec. 99.  As the defendants did not make the objection by answer or demurrer, but answered over to the merits of the action, to tolerate the motion was to allow the violation of the best principles of good pleading.   It was too late to raise the objection by demurrer even, and there is no rule of pleading or practice which allows the objection here made, at any stage of the action.   The Court therefore, should have refused to entertain the motion, C. C. P. 95, 99, as it operates as a surprise to the plaintiff and gave undue advantage to the defendants without the risk of incurring the costs of an unsuccessful demurrer.

If, however, the motion to dismiss is treated as a demurrer, taken in apt time, it has been held expressly, that by our liberal system of pleadings, the joinder of unnecessary parties, is not fatal, and will be treated as surplusage, the costs of such, parties

32

falling upon the plaintiff.    A defect of parties, is ground for demurrer, but too many, is surplusage only.    *Green* v. *Green*, 69 N. C. 294.

If the objection, of misjoinder of causes of action, had been raised by demurrer, it would be equally untenable, as the cause is now presented to us.  Several causes of action may be united in the same complaint, when they arise out of the same transaction.    C. C. P., sec. 126.    *N. C. Land Co.* v. *Beatty*, 69, N. C. 329.    The complaint here sets out one entire contract, between the plaintiff and the defendants, and demands relief and a decree as to both defendants.    If the allegations of the plaintiff are true, it would seem that he is entitled to the relief he asks, and that both parties defendant, are necessary to the complete determination of the matters in controversy.    C. C. P., sec. 71, 126.

There is error.

PER CURIAM.        Judgment reversed and *venire de novo.*