JAMES KEETER v. WILMINGTON & WELDON RAILROAD COMPANY.

*Railroads—Delay in Shipment of Freight.*

1. A railroad company is not relieved of liability to the penalty of $25 per day, under the act of 1875, ch. 240, for delay of shipment of goods beyond five days after receipt of same, by reason of its alleged inability to procure the necessary transportation on account of the large accumulation of freight. It is the duty of the company to provide a sufficient number of cars.

2. By the word " five days" the act means five full running days, including Sunday whenever it intervenes.

3. The company would not incur the penalty until the full expiration of the sixth day after receipt of the goods—the law not regarding the fraction of a day in the enforcement of a penal statute.

(*Branch* v. *R. R. Co.*, 77 N. C., 347, cited and approved.)

CIVIL ACTION tried at Fall Term, 1881, of HALIFAX Superior Court, upon the following case agreed, before *Gilmer, J.*

On Friday, the sixth day of the week, being the 24th day of December, 1880, the plaintiff delivered at the depot of the defendant in the town of Halifax, one bale of cotton for shipment to W. W. Gwathmey & Co., merchants in Norfolk, Virginia, which bale of cotton was so received by the defendant for shipment as aforesaid. Owing to the large accumulation of freight at its depot at Halifax, and the inability of the defendant company to provide the necessary number of cars for shipment of freight, the said bale of cotton was detained at the depot, until Thursday, the 30th day of December, 1880, when it was taken from the possession of this defendant by the sheriff of Halifax county, under and by virtue of an order of John O'Brien, a justice of the peace of the county, made in a certain civil action pending before him, wherein one G. W. Bryan was plaintiff, and the plaintiff in this action was defendant. Between the 24th and the 30th day of December, 1880, a Sunday intervened. Upon this agreed state of facts the court rendered judgment in favor of the plaintiff, and the defendant appealed.

*Messrs. Mullen & Moore,* for plaintiff.
*Mr. Spier Whitaker,* for defendant.

ASHE, J. The plaintiff sued for the penalty of twenty-five dollars incurred by the defendant under the act of 1874–'75, ch. 240, for allowing a bale of cotton belonging to plaintiff to remain unshipped for one day over five days, from the date of the delivery for shipment. The action is brought under the 2nd section of the act, which provides, that "it shall be unlawful for any railroad company operating in this state to allow any freight they may receive for shipment, to remain unshipped for more than five days, unless otherwise agreed between the railroad company and the shipper, and any company violating this section shall forfeit and pay the sum of twenty-five dollars for each day

said freight remains unshipped, to any person suing for the same." The cotton was delivered on Friday and remained unshipped until the next Thursday.

The defendant company contended that it was not liable to the penalty, upon two grounds: First, because owing to the large accumulation of freight at its depot in the town of Halifax, and its inability to procure the necessary number of cars for the shipment of freight; and secondly, because the legislature by the act of 1879, ch. 197 and ch. 203, prohibited the cars running on Sunday, the effect of which was to eliminate Sunday from the five days, when it intervened, so that it was not to be counted in the computation of the time limited for shipment.

The excuse offered for the delay in the first exception is inadmissible. In *Branch* v. *R. R. Co.*, 77 N. C., 347, which was an action like this, to recover the penalty under the same section of the act of 1874–'5, where the same excuse was set up in defence to the action, it was held that the accumulation of freight beyond the ability of the company to transport the freight delivered, within the five days after delivery, was no excuse, for it was the duty of the company to provide cars for the transportation of all the freight delivered. And it was also decided in that case, that by the words "five days" the act meant five full running days including Sunday whenever it intervened. This construction of the act makes it unnecessary for us to decide the disputed question whether the day of delivery is to be included or excluded.

In our case the delivery for shipment having been made on Friday, the 24th of December, and the five days having ended at 12 o'clock on the night of the Wednesday following, and the seizure having taken place on the next day, Thursday, the 30th day of the same month, the question is, did the defendant incur the penalty imposed for one day's delay.

The seizure on Thursday is the same as if the bale of cotton had been shipped on that day. The act makes it unlawful for any railroad company to allow freight to remain unshipped for more than five days, and any company violating the act shall forfeit and pay the sum of twenty-five dollars for *each day* said freight remains unshipped. Giving then the defendant the full five days, including Sunday, the cotton having been delivered on Friday, the full five days ended on Wednesday. The seizure was made the next day, at what hour we are not informed, but that is immaterial, as the law will not regard the fraction of a day in the enforcement of a penal statute, which is to be liberally construed in favor of him upon whom the penalty is imposed. The defendant is liable to the penalty for the delay of each day—that means each whole day—and the legal day is twenty-four hours. The defendant then would not incur the penalty until the full expiration of the sixth day after the delivery.

This is the construction of the act given by the court in *Branch* v. *R. R. Co., supra.* There the delivery of the cotton was on the 10th day of October and the shipment was on the 19th of the same month. The court say, " the full five days expired on Sunday, the 15th day of October, and the first penalty was incurred on Monday, the 16th, the second on the 17th, the third on the 18th. On Thursday, the 19th, the cotton was shipped. The day of shipping should not be counted because no penalty is incurred by any delay of a fraction of a day." Following this construction of the statute, we must hold that the defendant has not incurred the penalty sought to be recovered.

There is error. The judgment of the superior court must be reversed.

Error.                                              Reversed.