BRANCH & POPE v. WILMINGTON & WELDON RAILROAD
COMPANY.

*Railroads, liability for failure to receive and to ship freight.*

1. A railroad company is liable in damages sustained by reason of a delay in
the shipment of freight.

2. Where it refuses to *receive* freight tendered for transportation, an action for the penalty of fifty dollars, as provided by the act of 1879, ch. 182, may be brought.

3. Where the action is for the penalty for allowing freight when received to remain unshipped for more than five days, as provided by the act of 1874-'5, ch. 240, § 2; *Held*, the "five days" mean five full running days—exclusive of the day of delivery and the day of shipment.

(*Keeter* v. *Railroad Co.*, 86 N. C., 346, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of HALIFAX Superior Court, before *McKoy, J.*

The action was brought under the act of 1874–'75, ch. 240, § 2, to recover a penalty for the detention of one bale of cotton at the defendant's depot in Enfield, N. C., from the third day of November, 1881, to the 10th day of the same month.

The cotton was carried to the depot at Enfield and tendered to the agent of the company for shipment on the 3d day of November, 1881, but the agent declined to receive it and give bill of lading therefor until the next day. The cotton was thereupon left by the plaintiffs upon the platform provided by the company for receiving cotton at said depot, and on the next day of said month (November 4th, 1881), the agent received said cotton for shipment and gave plaintiffs a bill of lading which was accepted by them.

Upon this state of facts His Honor, being of opinion that the plaintiffs were not entitled to recover, gave judgment for the defendant, from which the plaintiffs appealed.

*Messrs. Mullen & Moore*, for plaintiffs.

*Messrs. Gatling & Whitaker* and *Day & Zollicoffer*, for defendant.

ASHE, J. The action cannot be sustained. The plaintiffs have mistaken their remedy. It was the duty of the defendant to ship the cotton when delivered, and their failure to do so gave the plaintiffs a right of action for such damages as they may have

sustained by reason of the delay; or they may have maintained an action under the act of 1879, ch. 182, which makes it the duty of all railroad companies to *receive* all freights tendered for transportation and forward them, under a penalty of fifty dollars upon failure to do so.

This action is brought under the act of 1874–'75, ch. 240, § 2, which makes it unlawful for any railroad company operating in this state to allow any freight it may receive for shipment *to remain unshipped for more than five days,* unless otherwise agreed between the railroad company and the shipper, under a penalty of twenty-five dollars for each day said freight remains unshipped. This act gives the penalty for allowing freight, when received, to remain unshipped for the time specified therein, and the act of 1879 gives it for not *receiving* freight, when tendered.

The act of 1874–'75 has been construed by this court in the late case of *Keeter* v. *R. R. Co.,* 86 N. C., 346, in which the case of *Branch* v. *R. R. Co.,* 77 N. C., 347, was cited with approval. In the former case the cotton was received for transportation on the 24th day of December, 1880, and was not shipped until the 30th of the same month; and it was held, upon the authority of the latter case, that the defendant company had not incurred the penalty prescribed by the statute, for that the words "five days" meant five full running days, exclusive of the day of delivery and the day of shipment—the law not taking notice of the fractions of a day.

Here, the cotton was *tendered* on the 3d day of November, but not *received* until the next day, the fourth, and was permitted to remain unshipped until the tenth of the same month. Excluding, then, the fourth and the tenth days from the computation, and there were just five days intervening, and for not shipping within these days there was no violation of the act.

There is no error. The judgment of the superior court is affirmed.

No error.                                        Affirmed.