D. J. MIDDLETON v. THE WILMINGTON AND WELDON RAILROAD CO.

*Penalty—Parties—Arbitration.*

1. Where the statute allows an action to be brought for a penalty created by it, by any person who may sue for it, no person has such an interest in it as can be the subject of arbitration, until an action has been brought.

2. The person claiming the penalty, and not the State, is the proper party plaintiff in an action for the penalty imposed on railroads by §1967 of The Code.

(*Norman* v. *Dunbar*, 8 Jones, 319 ; *Branch* v. *Railroad*, 77 N. C., 347; *Katzenstein* v. *Railroad*, 84 N. C., 688; *Keeter* v. *Railroad*, 86 N. C., 346; *Whitehead* v. *Railroad*, 87 N. C., 255; *Branch* v. *Railroad*, 88 N. C., 570, cited and approved. *Duncan* v. *Philpot*, 64 N. C., 479, overruled).

This was a CIVIL ACTION, tried before *Clark, Judge,* and a jury, on appeal from a judgment of a justice of the peace, at Fall Term, 1886, of DUPLIN Superior Court.

The action was brought for the recovery of the penalty prescribed in §1967 of The Code.

The plaintiff introduced as a witness, O. P. Middleton, who testified that he was a son of the plaintiff, and that on the 20th day of December, 1884, a bale of cotton marked "D. J. M.", which were the initials of the plaintiff, was brought to his store in Warsaw, by a negro servant of plaintiff; and he and other witnesses testified to facts tending to show, that said bale of cotton was received on that day, for shipment by defendant's agent at its depot at Warsaw, and that it was not shipped until the first or second day of January, 1885.

The defendant, by way of defence, offered to prove that O. P. Middleton set up a claim against the defendant for the same penalty as sued for in this action, and that the said O. P. Middleton and defendant, on the 11th day of February, 1885, agreed to refer, and did refer, the matter to two arbitrators, who made an award, of which said O. P. Middleton and the defendant company were duly notified.

It was admitted that said O. P. Middleton had never commenced any suit to recover said penalty, and had never caused any process to be issued against the defendant company.

His Honor excluded this evidence, upon the ground that no suit had been commenced by said O. P. Middleton by the issue of process, and that the award was therefore no bar to action of the present plaintiff.

Defendant excepted. Verdict and judgment for plaintiff. Appeal by defendant.

*Mr. W. R. Allen,* for the plaintiff.
*Mr. Chas. M. Stedman,* for the defendant.

SMITH, C. J. (after stating the facts). The action is for a penalty which the statute gives "to any person suing for

the same." The defendant company sets up in bar of the recovery, an agreement entered into between itself and O. P. Middleton, a son of the plaintiff, who was claiming the penalty, for a reference, and the award made against the defendant's liability. The evidence in support of this defence was properly ruled out. No interest is acquired by any person which can be the subject of compromise or arbitration, until the demand for the penalty is asserted by the institution of suit for its recovery. The reference and arbitration were entirely gratuitous on the part of O. P. Middleton, and whatever misplaced confidence his assuming to act in the controversy may have inspired in the company, that it was with the concurrence of his father, the owner, and that the award would be acquiesced in, it can form no defence to the action by whomsoever brought, for it is not for the benefit of the owner of the goods, but wholly punitory in its effect. When the suit is commenced, an interest vests in the plaintiff, contingent upon his success, but no sooner, to the exclusion of others. The matter offered in evidence was therefore wholly irrelevant. Our attention has been directed to the question, in whose name the action should be brought, and to the conflicting rulings upon the point made in this Court. The construction of the §§ 1212 and 1213 of The Code, in *Norman* v. *Dunbar*, 8 Jones, 319, is that the suit should be in the name of the person claiming the penalty, and to whom, upon a recovery, it belongs, while in the subsequent case of *Duncan* v. *Philpot*, 64 N. C., 479, it is held that, it should be prosecuted in the name of the State for his use. But in looking to the cases which have been maintained in this Court, and to which no objection on this ground seems to have been taken, we find that all have been in the name of the person suing and none in the name of the State. *Branch* v. *Railroad*, 77 N. C., 347; *Katzenstein* v. *Railroad*, 84 N. C., 688; *Keeter* v. *Railroad*, 86 N. C., 346; *Whitehead* v. *Railroad*, 87 N. C., 255; *Branch* v. *Railroad*, 88 N. C., 570. This uniform practice, acquiesced in, if not sanctioned by the Court, must be deemed a settlement of the con-

struction of the statute.  There is no error and the judgment must be affirmed.

No error.                                    Affirmed.