THE STATE on the relation of THE COMMISSIONERS of the TOWN of WARRENTON v. SAMUEL P. ARRINGTON and WILLIAM A. JENKINS.

*Official Bonds—Parties—Demurrer—Estoppel.*

1. Relators in actions upon official bonds are the real plaintiffs and miscalling them will not impair their right to recover when it is patent from the pleadings that they have a good cause of action.

2. The misjoinder of parties plaintiff is not fatal to the action, as judgment may be rendered for those who are entitled to it.

3. The obligors in an official bond made payable, in terms, to the person for whose benefit it is required, cannot, when sued for a breach thereof, be heard to say that it cannot be enforced because not executed to the State.

This is a CIVIL ACTION which was tried before *Graves, J.*, upon complaint and demurrer, at Spring Term, 1888, of WARREN Superior Court.

The summons issued and served upon the defendant calls upon them "to answer the complaint of the State of North Carolina *ex rel* the Commissioners of the Town of Warrenton which will be filed in the clerk's office," &c., and at the return term the complaint was filed, alleging in substance:

That James S. Boyd, who died in Warren county on the — day of August, 1887, was duly elected by the Board of Commissioners of the town of Warrenton, in the county of Warren, Constable of said town, on the 14th of June, 1886, to fill the unexpired term of J. J. Loughlin, who had been elected Constable of the said town of Warrenton on the first Thursday in May, 1886, the said term to continue until the first Thursday in May, 1887; and on the 3d day of July, 1886, the said Boyd duly qualified, and filed his bond as Constable, with the defendants Arrington and Jenkins as sureties, with the Board of Commissioners of said town, and the same was accepted by them; that the bond, payable to

the the town of Warrenton in the sum of twelve hundred and fifty dollars, was for the faithful collection of and accounting for the taxes of the town of Warrenton, and the full performance of his duties as Constable aforesaid, during his term of office, or his continuance therein; that after the execution of the bond a copy of the tax lists of the town of Warrenton, made out and assessed in all respects according to law, levied for the year 1886, was delivered to the said Boyd, Constable, as aforesaid, for collection, and he received the same for that purpose; that the said Boyd, Constable, was by law compelled and required to settle with and pay over to the Treasurer of said town of Warrenton, whatever of said taxes were unpaid by him, and which he had collected, or ought to have collected, on the tax lists in his hands, on the first Monday in February, 1887, less the amounts to be allowed him by the Commissioners of said town for insolvents and errors; that Boyd failed and refused to settle with the Treasurer, and failed and refused to pay to him a large amount of said taxes due at that time and unpaid by him, which he ought to have collected and paid over as aforesaid, and that he did not pay the same up to the time of his death, but continued to refuse so to do; wherefore, the plaintiffs demand judgment against the said defendants for the sum of $1,250, the whole penalty of the bond, that being the amount of the penalty of the bond, and being less than the defalcation of their principal, the said James S. Boyd, Constable as aforesaid, and interest and costs.

The bond sued on is in this form:

Know all men by these presents, that we, James S. Boyd, S. P. Arrington and W. A. Jenkins, are held and firmly bound unto the corporation of the town of Warrenton in the sum of twelve hundred and fifty dollars ($1,250), to the payment thereof well and truly to be made, we bind our-

selves jointly and severally, our heirs, executors and administrators, firmly by these presents, signed and sealed this 25th day of June, A. D. 1886.

The condition of the above obligation is such that, whereas the above bounden James S. Boyd was, on the 14th day of June, 1886, duly elected Constable in and for the town of Warrenton, in said county of Warren, to take effect from the 3d day of July, 1886, to fill the unexpired time of J. J. Loughlin, who resigned, to take effect from the 3d day of July, 1886. Now, if the said James S. Boyd, as Constable, shall well and truly and diligently collect the taxes which may be levied by the proper authorities of said town, and which may be placed in his hands for collection during his said term of office, and shall truly and faithfully pay over the amount or amounts collected by him according to law, and shall in every respect faithfully and fully perform and discharge all of the duties as Constable aforesaid during his term of office or continuance therein, then the above obligation to be void and of no effect; otherwise to remain in full force and effect.

JAMES S. BOYD.       [Seal.]

S. P. ARRINGTON.    [Seal.]

W. A. JENKINS.       [Seal.]

Witness:

J. GRAY MCCANDISH.


The defendants demurred to the complaint, and alleged as causes of demurrer, first, " that the relators are not proper parties to the suit as it appears upon the face thereof; that the bond sued on was not executed to and payable to the State of North Carolina;" and second, " that it does not appear upon the face of the complaint that said bond was registered in the office of Register of Deeds."

The Court, after hearing argument upon the questions of law presented, rendered judgment overruling the second

cause of demurrer assigned, and sustaining the first cause of demurrer assigned ; that the defendants go without day and that they recover their costs of suit against plaintiff. From which judgment the plaintiff appealed.

*Mr. R. H. Battle,* for the plaintiff.
*Mr. J. B. Batchelor* for the defendants.

SMITH, C. J.   If the complaint be considered apart from the process and its heading, it will be seen that a cause of action is set out in favor of the commissioners of the town of Warrenton, or of the town itself, which they represent, and none in favor of the State.   It is true, that in the process they appear *as relators* prosecuting in the name of the State, as upon an obligation incurred to it, as they do in the caption to their complaint, nevertheless, they are present in the complaint—which is the foundation of the action alone to be answered—as plaintiffs in their official capacity, and representing the obligee, the town itself, as sole prosecutors of the action, and in which the State is shown to have no legal interest.

In State *ex. rel. Cox* v. *Peebles,* 67 N. C., 97, the caption following the summons was, "*State* on relation of *W. R. Cox, Solicitor,* v. *Nicholas Peebles, Edmund Jacobs* and others," and the action was upon a guardian bond, to recover the estate of infants, and it was objected that the relator should be the infants for whom the Solicitor was prosecuting the suit, and who could not properly himself, be a relator.

The Court, after over-ruling the objection as coming too late after judgment, and remarking, that if taken in apt time "his Honor would have allowed an amendment had he deemed it necessary," concluded the opinion in these words: "But the Court is of the opinion that the action is properly brought, as *the complaint shows, that notwithstanding the caption, it is really in the name of the wards, against their*

*late guardian and his sureties on the guardian bond.*" This rul-
ing shows that to find the parties plaintiff the complaint
may be looked into, and those are relators who appear
therein to be entitled to maintain the action upon the cause
of action set out.

Relators are those for whose benefit suit is brought on an
official bond, and are substantially the plaintiffs demanding
relief, and the miscalling them cannot impair their right to
recover, when this is patent upon the complaint.  The State
is not a proper party to the suit, and it has been decided,
contrary to the former practice, that under the Code system
the joining improper parties with the plaintiff is a harmless
error, as judgment may be rendered in favor of such as are
entitled, and therefore the proceeding is not vitiated.  *Green*
v. *Green,* 69 N. C.; 394; *Burns* v. *Ashworth,* 72 N. C., 496.

Moreover, the demurrer is insufficient in form, and does
not properly raise the question argued before us.  It assigns
as the ground thereof, that the relators, suing on behalf of
the town, " are not proper parties to this suit," while it is
plain that they (or the town) are the *only proper* parties to
maintain the action, not as relators, but in their own right,
and the *State* is an improper party, and this for the reason
given in the demurrer that the bond " was not executed to
and payable to the State."  If the State were not the ob-
ligee, and the complaint averred that it was, the variance
between the allegation and proof would be fatal at the trial.

We do not understand it to be contended that the bond is
a nullity, and no recovery could be effected in an action
brought to enforce its provisions by the obligee.

We do not propose to pursue the discussion of the point,
because it is not necessary in disposing of the ruling brought
up for review, further than to say, that no reason occurs to
us for refusing to enforce such a bond in a suit at the in-
stance of the present obligee, the town, which, acting in a

101—8

public capacity, has taken a security for the faithful discharge of the trust assumed by the principal obligor, on an appointment legally conferred.

It would be a strange result if the defendants, accepting what has been done, and by becoming sureties enabling their principal to collect taxes under the conferred office, could disown what has been done and exonerate themselves from all liability upon their obligation.

We must overrule the demurrer for the reasons stated, and suggest to the Court below, when the cause is again taken up for action under this opinion, if deemed necessary, such amendment merely be made as will make the record self-consistent and harmonious in its several parts.

The judgment must be reversed, and the cause proceed in the Superior Court of Warren.

Error.