STATE ex rel. AUGUSTUS MAGGETT v. E. E. ROBERTS et al.

*Penalty — Joinder of Actions — Jurisdiction — Parties — Pleading — Register of Deeds — In Forma Pauperis — Security for Costs.*

1. In an application to prosecute an action *in forma pauperis* it is not necessary the affidavit should state that the applicant did not own real estate which he might mortgage to secure costs.

2. An action against a Register of Deeds to recover the penalties imposed for a failure to comply with the provisions of the statute in relation to issuing marriage licenses must be prosecuted in the name of the person who sues therefor, and not in the name of the State.

3. Notwithstanding the penalties imposed does not exceed $200 (and if only one was sought to be recovered a Justice of the Peace would have jurisdiction), a plaintiff may unite several causes of action for several penalties against same party, in same complaint, and if the aggregate amount thereof exceeds $200 the Superior Court will have jurisdiction.

4. The penalty given by section 1819, *The Code.* is as applicable to a failure to record the license, or its substance, when issued, as to a failure to record the return thereof.

5. In an action to recover the penalty given against Registers of Deeds for issuing marriage license in violation of section 1816, *The Code*, it is essential that the complaint should allege that the Register issued the license *knowingly or without reasonable inquiry.*

This is an APPEAL from *Womack, J.,* at January Term, 1890, of NORTHAMPTON Superior Court.

The action was begun in the Superior Court, in the name of the State on the relation of *Maggett* v. *Roberts,* the Register of Deeds of said county, and his sureties upon his official bond.

The complaint alleged three several and distinct causes of action, to-wit: the first cause of action for the penalty of $200, given by *The Code,* § 1819, for not recording the substance of the license issued by him for the marriage of William Parker and Mary Sykes; the second cause of action, for the like penalty of $200, under the same section, for not recording the substance of the license for the marriage of John Harris and Cinda Garner, and the third cause of action for the penalty of $200, under *The Code,* § 1816, for issuing license for the marriage of Roxana Lassiter to Henry Futrell, without the consent of her mother, the said Roxana being under the age of eighteen years, and residing with her mother, her father being unknown. The relator, upon proper affidavit and certificate, was allowed to sue *in forma pauperis.*

The defendant demurred, and assigned as grounds of the demurrer—

1. That the action was improperly brought in the name of the State.

2. That there was a misjoinder of causes of action, in that three penalties concerning three different causes of action are sued for in one action.

3. For that the complaint does not state facts sufficient to constitute a cause of action, in that it fails to allege that a return was made on the marriage license alleged to have been issued for the marriage of William Parker and Mary Sykes, and of John Harris and Cinda Garner, to the defendant Roberts during his term of office, or when any such return was made, and fails to state that any return of either

of said marriage licenses was ever made to the defendant Roberts whilst he was Register of Deeds, and that it fails to allege that the defendant Roberts knew, or had reasonable grounds to know, that there was any impediment in the way of the marriage of Henry Futrell and Roxana Lassiter, or that he knew, or had reason to know, that said Roxana was under eighteen years of age, or that the said Roberts failed to use due diligence to ascertain the age of the said Roxana; for that it appears on the face of the complaint that the marriage of the two couples first above mentioned took place after the expiration of the term of office of the defendant Roberts.

4. That the action was improperly brought upon the official bond of the Register.

The Court sustained the last named ground of demurrer and overruled the others.

The plaintiff was thereupon allowed by the Court to amend by striking out the State as a party, and by striking out all reference to the official bond in the complaint and by entering a *nol. pros.* as to the sureties. To this order the defendant excepted.

The defendant moved that the plaintiff be required to give a prosecution bond. This the Court declined, and defendant excepted. From the judgment upon the hearing of the demurrer, the refusal to require prosecution bond and the order permitting plaintiff's amendments, all of the defendants appealed to the Supreme Court.

*Mr. R. B. Peebles,* for plaintiff.
*Mr. B. S. Gay,* for defendants.

CLARK, J.: The amendment rested in the discretion of the trial Judge and is not reviewable. *Brown* v. *Mitchell,* 102 N C., 347. In that case the same amendments as in the present case were allowed to be made, and after verdict. The

Court says, " If the action had been originally begun and prosecuted against the Sheriff individually, and not against him and the sureties on his official bond, it is obvious that the defence would have been the same, and the same issues would have arisen. The nature of the action has not been so changed as to surprise the defendant by making it necessary to establish any fact not already material under the issues submitted to the jury. The Judge could, in his discretion, refuse the motion to amend, or grant it with or without terms *The Code,* §§ 272, 273; *Carpenter* v. *Huffsteller,* 87 N. C., 273; *Reynolds* v. *Smathers,* 87 N. C., 24."

The exception to the refusal to require the plaintiff to give a prosecution bond is based upon the ground that the affidavit upon which leave to sue *in forma pauperis* was granted, did not allege that the plaintiff did not have real estite which he could mortgage to secure the costs. The affidavit is in the form required by the statute, *The Code,* § 210, and it does not exact such allegation.

The first ground of demurrer was improperly overruled (*Norman* v. *Dunbar,* 8 Jones, 319; *Middleton* v. *Railroad,* 95 N. C., 167), but the error is cured by the subsequent amendment.

The second ground of demurrer was properly overruled. *The Code,* § 267 (2), allows the joinder of such causes of action. And although by the amendment the action is no long r for the penalty of the bond, but is for three separate penalties, as to which, if brought separately, a magistrate would have jurisdiction, the action being *ex contractu* (*Katzenstein* v. *Railroad,* 84 N. C., 688), still, as the statute allows them to be united in the same action, and the aggregated sum demanded is $600, the Superior Court has jurisdiction. *Moore* v. *Nowell,* 94 N. C., 265; Estee's Code Pleadings, § 1609.

The third ground of demurrer was also properly overruled, as to the first and s cond causes of action. The penalty given by section 1819 is in the alternative, either for the

108—12

failure to record the substance of the license issued or for failure to record the substance of the return.   The plaintiff sues for the first, and no allegation as to the failure to record the return is necessary, nor was it material that the marriages authorized by the licenses were not celebrated till after the expiration of the defendant's term of office.   The demurrer, however, should have been sustained as to the third cause of action, in that the complaint fails to allege that the defendant issued the license to a person under eighteen years of age "knowingly or without reasonable inquiry."   This is essential, under provisions of *The Code*, § 1816, to constitute the third cause of action.   *Bowles* v. *Cochran*, 93 N. C., 398. And in failing to sustain the demurrer in that respect, there was error.

Error.