DENNIS BURRELL v. JOHN K. HUGHES et al.

*Action for Penalty—Party Plaintiff—Jurisdiction—Practice—Demurrer—Appeal.*

1. A motion to dismiss an action for want of jurisdiction or because the complaint does not state a cause of action is not such a demurrer *ore tenus* as will permit an appeal from its refusal.

2. A discrepancy between a summons and a complaint in respect to the title of the action, is not a material defect and an amendment is permissible.

3. The person suing for a penalty is the proper party plaintiff and not the State unless the Statute so directs.

4. A party suing for several penalties against the same defendant, may unite several such causes of action in the same complaint and if they exceed $200 in the aggregate the Superior Court will have jurisdiction.

ACTION to recover a penalty of one hundred dollars alleged to be due by reason of the failure of defendant Sheriff to execute process in a criminal action—assigning four separate and distinct forfeitures by and because of said alleged failure (*Code*, Sec. 1112) heard before *Hoke, Judge*, upon demurrer to complaint, at October Term, 1894, of ORANGE Superior Court.

The plaintiff made affidavit that by reason of poverty he was unable to give bond or make deposit for costs for prosecution of suit.   This was supported, as to his poverty, and the belief that he had a good cause of action, by the affidavit of George W. Day.   And C. D. Turner, a practicing attorney, certifies that he has carefully examined the facts and law in the case and is of opinion that plaintiff has a good cause of action.   Thereupon the following order was made by the clerk of the Superior Court: "This cause coming on to be heard it is ordered that the petitioner Dennis Burrell be allowed to sue in *forma pauperis*, and that C. D. Turner be assigned as counsel for said petitioner.   This October 12, 1893."

On October 16, 1894, a summons was issued against the defendant and sureties in the name of Dennis Burrell against John K. Hughes *et al*, and the complaint was subsequently filed in the name of State on relation of Dennis Burrel against Hughes *et al.*

State of North Carolina on relation of Dennis Burrell

v. Hughes *et al.*—amended complaint—the plaintiff complaining alleges :

1. That defendant Hughes was elected Sheriff in November, 1892, and qualified in December, 1892, after giving bonds required by law, which were accepted and approved by the proper authority.

2. That one of the bonds was a process bond payable to the State of N. C., in the sum of $5,000, with the defendants (naming them) as sureties, conditioned to well and truly execute and due return make of all process to him directed, and in all other things well and truly and faithfully execute the office of Sheriff during his continuance therein.

3. That defendant has not well and truly executed and due return made of all process to him directed in the following particulars :

4. First—At March Term, 1893, of this Court, there was pending and for trial a criminal action wherein John Crisp and the plaintiff Dennis Burrell were defendants, and about March 11, 1893, the said defendants procured a subpœna to be issued commanding defendant Hughes in due form to summon Claud Hughes, Joseph Smith and Charles Vincent to appear at said March Term and give evidence in said criminal action on the part of defendants therein ; said subpœna was placed in the hands of said Hughes on or about March 11, 1893, with request to execute same.

5. That defendant failed to serve said subpœna upon Charles Vincent, and made no return as to Vincent, contrary to the statute, &c., whereby he has forfeited to any one who may sue for the same the sum of one hundred dollars.

6. That defendant returned on said subpœna " Served on all but Charles Vincent, fee 90c.," and the plaintiff is informed and believes and so alleges that the return is

false in fact, in that the subpœna was served in part through the mail, and by notice sent by parties unknown, and not personally served upon each of said witnesses so commanded to be summoned as required by law contrary to the statute, &c., whereby defendant has forfeited a sum of one hundred dollars to any one who will sue for the same.

7. That plaintiff is informed and believes that in addition to the foregoing forfeiture 'approved as aforesaid, the said return as to Vincent is an insufficient return within the condition of said bond, in that the said Sheriff did not well and truly execute and due return make of said subpœna.

8. That the defendants in the above mentioned criminal action on or about March 13, 1893, procured another subpœna in due form to be issued, commanding defendant Sheriff to summon J. A. Smith and J. W. Pickett to appear at said March Term. 1893, to give evidence in said criminal action in behalf of the defendants therein, and the subpœna was placed in defendant Sheriff's hands with request to serve same on or about March 13, 1893.

9. That defendant positively failed and refused to serve said subpœna and the same has been neither served nor returned to the present day contrary to the statute, &c. Whereby said Sheriff has forfeited to any one who will sue for the same the sum of one hundred dollars for his failure to execute and due return make of said subpœna for J. A. Smith. That he has forfeited to any one who will sue for the same the sum of one hundred dollars by reason of his failure to execute and due return make of said subpœna for J. W. Pickett.

Wherefore, plaintiff prays judgment against defendant and sureties for the sum of five thousand dollars, the penalty of the process bond, to be discharged upon the payment of four hundred dollars, amount of the penalties

116—28

accrued upon said process bond by reason of the forfeitures aforesaid.

The defendants moved to dismiss the action and also demurred to the amended complaint:

1. That the summons in the action issued on the 16th of October, 1893, is in the name of Dennis Burrell, and the amended complaint is an attempt to state an action in the name of the State of North Carolina on the relation of Dennis Burrell on the official bond of John K. Hughes as Sheriff, no leave of Court being asked or given to amend said summons.

2. That the Superior Court has not jurisdiction of a suit to recover the penalty of one hundred dollars either for failure to execute process or a false return, and such jurisdiction cannot be conferred by an attempt to unite, in one action, suits for different penalties which are separate and distinct actions, when there is only return necessary to be made of a subpœna.

3. That the complaint does not state facts sufficient to constitute a cause of action, as it does not refer to any statute under which a penalty is imposed, nor does it show any fine or amercement imposed on the Sheriff for which the sureties on his official bond have become liable.

4. That under the constitution, Art. IX, Sec. 5, the clear proceeds of all penalties shall belong to the several Counties of the State, and no action can be maintained for such penalties unless the County or treasurer of the public school fund shall be made party plaintiff to such action.

5. That complaint does not state facts sufficient to constitute a cause of action in that there is no allegation of any injury to plaintiff, and from an inspection of the subpœna issued and the record and witness tickets in the case of State v. Dennis Burrell and John Crisp it appears that the witnesses were subpœnaed and attended court and

were examined for defendants; that in the subpœna issued March 11, 1893, are the names of Claud Hughes, Joseph Smith, Charles Vincent and Joseph W. Pickett, and the return is " served on all but Charles Vincent, fee 90 cents," John K. Hughes, Sheriff; that whether the personal service or as allowed by section 1355 of *The Code* is immaterial, and it is asked that the said return be amended to show that Charles Vincent did not reside in the County of Orange, but in Alamance, which is the reason why the said subpœna was not served on him by adding to said return " who is not to be found in my County."

6. That all the matters and things alleged in this action in regard to the subpœnas issued on March 13, 1893, and the failure of Hughes to serve the same are immaterial, as it is shown that the witnesses were summoned under the subpœna set forth in the action now pending in Orange Superior Court wherein the said Burrell and Crisp are plaintiffs, and Hughes, D. M. Laws and John McCracken are defendants, and it was the duty of the Sheriff to execute only one subpœna on a witness.

7. That said J. A. Smith and S. W. Pickett were, as appears by inspection of the papers, duly summoned to attend March Term, 1893, as witnesses for the defendants in the case of State v. Burrell and Crisp and there is no allegation in the complaint that they did not attend, and the facts stated do not show any failure of the Sheriff to serve any paper which it was his duty to execute.

8. That even if any such subpœna issued as alleged, dated March 13, 1893, it was unnecessary as said Smith and Pickett were duly summoned as witnesses, and the defendants in the case of State v. Burrell and Crisp examined the said witnesses.

9. That the facts stated in the amended complaint do not show a refusing or neglecting to return any precept,

notice or process to the sheriff tendered or delivered, which it was his duty to execute, or that plaintiff was injured by the neglect, misconduct or misbehavior complained of.

10. That if there had been a failure to return the subpœna alleged to have been issued on March 13, 1893, the only liability incurred whould have been one hundred dollars of which this Court has no jurisdiction.

11. That no proper order has been made allowing suit to be brought *in forma pauperis*.

12. That even if the summons in this action is amended to make the State a party plaintiff in this action, it cannot be maintained, and there is no right to sue on the official bond of the sheriff and it is not the duty of the Sheriff to execute three subpœnas or more than one on any witness in the same case. Wherefore, defendants demand judgment that this action be dismissed, &c.

It was adjudged that the demurrer be sustained and the action dismissed, and the plaintiff appealed.

*Mr. C. D. Turner*, for plaintiff (appellant).

*Messrs. J. W. Graham* and *P. C. Graham*, for defendant.

FAIRCLOTH, C. J. : The plaintiff instituted this action on defendant's official bond for four penalties, in $100 each, for failing to serve process. The summons was issued in the name of the plaintiff "Dennis Burrell," and the amended complaint declared in the name of the "State on relation of Dennis Burrell," the plaintiff.

The defendant moved to dismiss the action and demurred because of the discrepancy in the summons and amended complaint and for want of jurisdiction in the Superior Court.

A motion to dismiss for want of jurisdiction or because the complaint does not state a cause of action is not such a

demurrer *ore tenus* as will permit an appeal from its refusal. *Joyner* v. *Roberts*, 112 N. C., 111.

The demurrer not only raises issues upon matters alleged in the complaint, but sets forth other matters which can only be presented by answer, and therefore cannot now be considered. The discrepancy in the summons and the amended complaint is not a material matter, and has been permitted. *Jackson* v. *Maultsby*, 78 N. C., 174; *Warrenton* v. *Arrington*, 101 N. C., 109. The person suing for a penalty is the proper party plaintiff, and not the State, unless so expressed in the statute. *Middleton* v. *Railroad*, 95 N. C., 67; *Sutton* v. *Phillips*, at this term. A party suing for penalties against the same defendant may unite several such causes of action in the same complaint, and if they exceed $200 the Superior Court will have jurisdiction. *Maggett* v. *Roberts*, 108 N. C., 174. Our conclusion is that his Honor, in sustaining the demurrer, committed error.

Reversed.