GLANTON & COTTON et al v. JOE JACOBS, Trustee, et al.

*Assignment for Benefit of Creditors—Failure by Assignor to File Schedule of Preferred Debts—Registration of Deed.*

1. Failure to file schedule of preferred debts within five days after registration of deed of assignment for creditors, as required by Acts 1893, c. 453, renders the deed void.

2. Under Acts 1893, c. 453, requiring schedule of preferred debts to be filed within five days after "registration" of deed of assignment for creditors, time for filing schedule commences to run from date of filing deed for registration, irrespective of the actual registration.

CIVIL ACTION, to declare void a deed of assignment made by the Sneed Furniture Company to the defendant, Joe Jacobs, trustee, upon the ground of fraud, etc., tried before *Bryan, J.,* and a jury, at May Term, 1895, of FORSYTH Superior Court. There was a verdict for the plaintiff and from the judgment thereon the defendant appealed. The facts are sufficiently stated in the opinion of Associate Justice CLARK.

*Messrs. Watson & Buxton* and *J. L. Patterson,* for plaintiff.

*Messrs. Glenn & Manly* and *E. B. Jones,* for defendants (appellants).

CLARK, J.: As was said in *Bank* v. *Gilmer,* 116. N. C., 684, 707, "Chapter 453, Acts 1893, is not a mere recommendation from the legislature to insolvents as to the form

of assignments and proceedings thereunder, but in its very nature the Act is imperative.   If not complied with by the asssignor by filing schedule as required, the assignment is invalid."   This has been cited and approved in *Frank* v. *Heiner*, and *Bank* v. *Gilmer*, both at this Term.   These decisions are sustained by the great weight of authority in other States, the numerous cases being cited in the excellent brief filed by the plaintiff's counsel.   The statute being mandatory it is necessarily so as to time.   *Mather* v. *McMillian*, 60 Wis., 546, is in point, in which the deed of assignment was held invalid because recorded one day too late.   Familiar instances are our own cases in which the service of notices of appeal and cases on appeal, and the like, has been held invalid when not made within the prescribed time.   *Wade* v. *City of Newbern*, 72 N. C., 498 ; *Taylor* v. *Brower*, 78 N. C., 8; *Adams* v. *Reaves*, 74 N. C., 106.   The deed of assignment was filed for registration on the 6th of January, 1894.   The schedule of preferred debts which is required to be filed within five days after the registration, was not filed till the 12th of January, 1894.   "Excluding the first day and including the last" the mode of computation prescribed by *The Code*, Sec. 596, this was not in time.   That section excludes Sunday only when it is the last day of the time limited, so the case would not come within the decision in *Barcroft* v. *Roberts*, 92 N. C., 249.   If *The Code*, Sec. 596, applies, as it seems, only to times limited for the services, &c., prescribed by The Code of Civil Procedure, then Sunday, even if it had been the last day would not have been excluded in the computation.   *Branch* v. *Railroad*, 77 N. C., 347 ; *Keeter* v. *Railroad*, 86 N. C., 346.   Nor does it aid the defendant that the register of deeds in point of fact did not register the instrument till the 8th of January, for the filing for registration is in law the registration, and all

rights and liabilities accrue from the date of filing and do not depend upon the greater or less diligence of the register in performing his duty. *McKinnon* v. *McLean*, 19 N. C., 79 ; *Motts* v. *Bright*, 20 N. C., 258 ; *Parker* v. *Scott*, 64 N. C., 118 ; *Davis* v. *Whitaker*, 114 N. C., 279.

No Error.