STATE *ex rel.* W. H. GOODWIN v. CARALEIGH PHOS-
PHATE AND FERTILIZER WORKS.

*Action for Penalty*—Qui Tam *Action—Party Plaintiff
—Tax on Fertilizers — Constitutionality — Interstate
Commerce.*

1. In an action for a penalty the person suing therefor is the proper party plaintiff unless the statute directs otherwise.

2. Under Sections 2190, 2191 and 2193 of *The Code*, requiring each sack of fertilizer sold to have a tag attached and affixing a penalty for non-compliance therewith, to be recovered by any one suing therefor, the person suing for the penalty, and not the Department of Agriculture or the State, is the proper party plaintiff.

3. A statute providing for the recovery of penalties by private persons is not in conflict with Section 5 of Art. IX. of the Constitution which appropriates the net proceeds of all fines and penalties to the School Fund. (*Sutton* v. *Phillips*, 116 N. C. 502, followed.)

4. The statute (Sections 2190, 2191 and 2193 of *The Code*) requiring each sack of fertilizer sold in this State to have a tag affixed thereto is not in violation of clause 3 of Section 8 of Article I. of the Constitution, relating to interstate commerce.

GOODWIN *v.* FERTILIZER WORKS.

ACTION for a penalty, heard on complaint and demurrer before *McIver, J.*, at February Term, 1896, of WAKE Superior Court. The complaint was as follows:

" 1. That defendant is a corporation, &c., and is doing business in this State, to wit, in the manufacture and sale of fertilizers.

" 2. That defendant, having manufactured the ' Eclipse ' brand of fertilizer, with which, according to law, said defendant is required to tag each sack of said fertilizer as provided in Sections 2190, 2191 and 2193, sold to W. H. J. Goodwin in Wake county and delivered to him twenty sacks of said Eclipse brand of fertilizer during the months of April and May, 1895, without affixing the tag as required by the aforesaid sections of *The Code* to each of said twenty sacks of fertilizer.

" Wherefore plaintiff demands judgment against the defendant for $200 and costs."

Defendant's demurrer was as follows:

" 1. Because there is a defect of parties in that the Department of Agriculture should be made a party.

" 2. Because there is a defect of parties in that the State of North Carolina should be made a party.

" 3. Because the Act of the General Assembly under which the plaintiff brings this action is unconstitutional and void, in that it is in violation of the Constitution of North Carolina, Section 5, Article IX., providing for the appropriation of fines and penalties to the Common School Fund.

" 4. Because the Act of the General Assembly under which plaintiff brings this action is unconstitutional and void, in that it is in violation of the Constitution of the United States, Article I., Section 8, clause 3."

The demurrer was overruled, and the defendant appealed.

GOODWIN v. FERTILIZER WORKS.

*Mr. J. C. L. Harris*, for plaintiff.

No counsel, *contra*.

FURCHES, J.:   As it appears, this is an appeal from the judgment of the court below upon complaint and demurrer. The demurrer admits the facts stated in the complaint, and assigns four grounds upon which it is contended the plaintiff should not recover.

The first assignment cannot be sustained, as the party suing is the proper plaintiff, unless the statute creating the penalty provides otherwise.   *Burrell* v. *Hughes*, 116 N. C., 430.

The second assignment cannot be sustained, as the party claiming the penalty is the proper plaintiff, and not the State.   *Middleton* v. *Railroad*, 95 N. C., 167.

The third assignment cannot be sustained, as this question has been decided and has been expressly held to be constitutional in *Sutton* v. *Phillips*, 116 N. C., 502, and a number of other cases there cited.

As to the fourth assignment, we are somewhat at a loss to see its relevancy to this case.   And we regret that the case was not argued for the defendant in this Court.   As we understand the facts from the pleadings, the defendant is a domestic corporation and the plaintiff is a resident of Wake county.   And it is not plain to us how it is that a question of interstate commerce is involved, as we understand from plaintiff's attorney it was contended in the court below.   But if there is such a question involved it cannot be sustained by defendant.   This statute and this very question have been discussed in a well-considered opinion by Judge Seymour of the United States District Court and held to be constitutional.   And while we do not consider ourselves bound by this opinion as authority, still we

believe it to be founded on sound reasoning and authority and a correct exposition of the law.    52 Fed. Rep., 690. We find no error, and the judgment is affirmed.

Affirmed.